IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NIKERRAY MIDDLEBROOK,
    Petitioner,

v.

THOMAS CARROLL,
Warden and CARL C. DANBERG,
Attorney General of State of
Delaware,
    Respondents

Civ. Act. No. 05-827-SLR



FILED
APR 12 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Rescanned

## PETITIONER'S TRAVERSE TO ANSWER

### I. CUSTODY

Petitioner agrees that he is in custody as stated in the State's Answer. Petitioner claims that he is not "lawfully" in custody because of the violations of his rights under the United States Constitution that are alleged in the petition for writ of habeas corpus and herein. Except as expressly admitted herein, Petitioner denies each and every allegation of the Answer and re-affirms that his confinement is in violation of the Constitution.

### II. Procedural Default & Exhaustion

Claim 1 - the introduction into evidence of the photograph of the backpack found at Walt's Chicken was overly prejudicial.

Petitioner concedes that the state court was not put on notice that he was asserting a federal constitutional claim,

thus failing to exhaust claim. Petitioner agrees with the state that he is excused from satisfying the exhaustion requirements as to his evidentiary claim because there is no available state remedy. He also admits that he has failed to allege cause for his procedural defaults in the state courts and actual prejudice. The claim is substantively meritless and should be denied.

Claim 2- a police dectives trial testimony that the Petitioner had possessed nine millimeter gun clip when arrested for another unrelated incident tainted trial.

Petitioner concedes that the state court was not put on notice that he was asserting a federal constitutional claim, thus failing to exhaust claim. Again, he is excused from satisfying the exhaustion requirement as to his claim because there is no available state remedy. Petitioner admits that he has failed to show cause for his procedural defaults in state court and actual prejudice. The claim should be dismissed.

Claim 3- Petitioner was not permitted to present "any information" in mitigation at sentencing in violation of his 6th amendment rights under U.S. constitution.

Petitioner agrees with state that this claim is exhausted and that he has failed to articulate a federal claim on federal Habeas Review. This claim should be dismissed.

Claim 4 + 5 ineffective assistance of trial and appellant counsel.

Petitioner agrees with the state that his claims of ineffective assistance of counsel have been exhausted. Petitioner doesn't agree with State's Answer that his claim that counsel was ineffective for failing to request DNA and ballistic testing is barred from federal habeas review.

## III. Standard of Review

Petitioner agrees that, pursuant to the provisions of the AEDPA, the "unreasonable application" standard of review is applicable to his claim of ineffectiveness of counsel. Petitioner alleges that applying this standard, the state court decision denying him habeas corpus relief constitutes an unreasonable application of federal law as determined by the U.S. Supreme Court (Strickland standard). Further, Petitioner alleges that the state court decision is based on an unreasonable determination of the facts that is rebutted by clear and convincing evidence in the record.

## IV. Evidentiary Hearing

The state court failed to hold an evidentiary hearing on postconviction relief under Delaware Superior Court Criminal Rule 61, and therefore did not determine the decisive and operative "facts" upon which a denial of Petitioner's constitutional claims could legitimately be based. This failure was not due to any fault of petitioner, who was denied an evidentiary hearing in state court even though petitioner requested such a hearing and diligently established the factual and legal basis for such a hearing.

To the limited extent the state court did determine the operative "facts" regarding Petitioner's habeas corpus

3.

claims, those factual findings were based on unreasonable determinations of the state court evidence presented, and are contradicted by clear and convincing contrary evidence submitted in the Petition and herein.

## V. Incorporation by Reference

Petitioner incorporates by reference the Petition for Writ of Habeas Corpus that was previously filed. Further, Petitioner incorporates by reference Petitioner's Points and Authorities in Support of Traverse, which are being submitted contemporaneously.

## VI. PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth herein and in the documents incorporated by reference, Petitioner respectfully requests that the court:

(1) order an evidentiary hearing and appoint counsel for the petitioner;

(2) grant the writ of habeas corpus, reverse Petitioner's conviction, and order a new trial; and

(3) grant all other appropriate relief.

Dated: April 5, 2006

_Nik Middle_ [signature]

Nikerray Middlebrook, pro se

4.



IM Nikerray Middlebrook
SBI# 295569  UNIT 19 B-L-7
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S.
X-RAY

Office of the Clerk
United States District Ct.
844 N. King St., Lockbox 18
Wilmington, DE
19801-3570