IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NIKERRAY MIDDLEBROOK,
    Petititioner,

v.

Thomas CARROLL,
Warden and CARL C. DANBERG,
Attorney General of State of
Delaware,
            Respondents.


Petitioner's
Appendix



FILED
APR 12 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RD Scanned

# Appendix Table of Contents

Superior Court Criminal Docket ... ... Ex. 1
Motion for PostConviction Relief ... ... Ex. 2
Argument III ... ... ... Ex. 2

```
                      SUPERIOR COURT CRIMINAL DOCKET                   Page    13
                         (  as of    03/31/2006 )

State of Delaware v.  NIKERRAY K MIDDLEBROOK                  DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.          AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.            NIKERRAY MIDDLEBROOK


        Event
No.     Date           Event                                  Judge
-------------------------------------------------------------------------------
        RE: NOTICE TO SHOW CAUSE.
140  02/04/2005
        LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
        RE: THE RECORD IS DUE TO BE FILED 02/25/05
        30, 2005
141  02/25/2005
        RECEIPT FROM SUPREME ACKNOWLEDGING RECORD.
        30, 2005
142  10/12/2005
        MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
        SUPREME COURT CASE NO: 30, 2005
        SUBMITTED: JULY 29,2005
        DECIDED: SEPTEMBER 21,2005
        BEFORE HOLLAND,JACOBS AND RIDGELY, JUSTICES.
143  01/27/2006
        MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
        REFERRED TO JUDGE SILVERMAN
144  01/30/2006
        LETTER FROM A. HAIRSTON, PROTHONOTARY OFFICE  TO STEVEN WOOD, DAG
        RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
145  02/09/2006                                       SILVERMAN FRED S.
        ORDER: DEFENDANT FILED HIS SECOND MOTION FOR POSTCONVICTION RELIEF
        UNDER SUPERIOR COURT CRIM. RULE 61 ON JANUARY 27, 2006. THIS TIME,
        DEFENDANT WANTS DNA TESTING PERFORMED ON A FACE MASK, WHICH WITNESSES
        TESTIFIED THAT DEFENDANT WAS WEARING WHEN HE SHOT TWO PEOPLE. UNDER
        RULE 61(D) THE COURT HAS PRELIMINARY CONSIDERED THE MOTION. BECAUSE
        THE CLAIM CONCERNS DNA TESTING AND IT GOES TO DEFENDANT'S ACTUAL
        GUILT OR INNOCENCE, THE COURT DECLINES TO APPLY THE BARS TO RELIEF
        SET OUT IN RULE 61(I). THE COURT, HOWEVER, WILL NOT ORDER DNA TESTING
        SIMPLY BECAUSE DEFENDANT HAS ASKED FOR IT. UNDER RULE 61(F) THE
        ATTORNEY GENERAL SHALL FILE A RESPONSE TO THE MOTION. PRIMARILY, THE
        COURT IS INTERESTED IN TWO THINGS: FIRST, WAS THE CHAIN OF CUSTODY
        PRESERVED IN A WAY THAT WOULD POTENTIALLY MAKE DNA TEST RESULTS
        MEANINGFUL. FOR EXAMPLE, DID THE JURY AND OTHERS HAVE AN OPPORTUNITY
        TO HANDLE THE MASK DIRECTLY, POTENTIALLY CONTAMINATING IT. SECOND, THE
        COURT WILL CONSIDER ATTORNEY GENERAL'S ARGUEMENT AS TO WHETHER, ASSUMI
        NG THE MASK WAS NOT TAINTED, DNA TESTING IS POTENTIALLY HELPFUL TO
        DEFENDANT. OF COURSE, THE ATTORNEY GENERAL HAS LEAVE TO PERFORM DNA
        TESTING WITHOUT FURTHER ORDER. THE ATTORNEY GENERAL SHALL SERVE THE
        STATE'S RESPONSE ON DEFENDANT, IN THE TIME CALLED FOR RULE 61(F)
        THEREAFTER, THE COURT MAY DEEM THE MOTION UNOPPOSED. DEFENDANT MAY
        FILE A REPLY WITHIN 30 DAYS OF SERVICE, AS PROVIDED UNDER RULE 61(F)(3
```

EX. 1

```
                      SUPERIOR COURT CRIMINAL DOCKET                      Page    14
                            ( as of   03/31/2006 )

State of Delaware v.   NIKERRAY K MIDDLEBROOK                       DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.              AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.                NIKERRAY MIDDLEBROOK

         Event
No.      Date           Event                                   Judge
-------------------------------------------------------------------------------
         _).  THE COURT WILL CONSIDER WHETHER TO ORDER DNA TESTING, EXPAND THE R
         ECORD FURTHER, DENY THE PETITION, OR DO SOMETHING ELSE.  MEANWHILE THE
         PARTIES DO NOT TO HAVE LEAVE TO FILE FURTHER SUBMISSIONS BEYOND THE
         TWO CONTEMPLATED BY THIS ORDER, AND THOSE ARE THE ONLY SUBMISSIONS
         THAT THE COURT WILL CONSIDER.
         IT IS SO ORDERED.
146      03/24/2006                                       SILVERMAN FRED S.
         LETTER FROM ROBERT SURLES, DAG  TO JUDGE SILVERMAN. RE: RULE 61
         THE STATE THEREFORE REQUEST A TWO WEEK EXTENSION FROM TODAY TO FILE
         IT'S RESPONSE.
         SO ORDERED.  3/22/06

                *** END OF DOCKET LISTING AS OF  03/31/2006 ***
                       PRINTED BY: CSCACOL
```

Fx 1

# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

**SHARON D. AGNEW**
PROTHONOTARY, NEW CASTLE COUNTY

NEW CASTLE COUNTY COURT HOUSE
500 N. KING STREET
LOWER LEVEL 1, SUITE 500
WILMINGTON, DE 19801-3746
(302) 255-0800

JUDGEMENT DEPARTMENT
500 N. KING STREET
1ST FLOOR, SUITE 1500
WILMINGTON, DE 19801-3704
(302) 255-0556

TO: Robert Surles
Department of Justice

FROM: Angela M. Hairston, Criminal Deputy

DATE: October 31, 2003

RE: State of Delaware v. Nikerray Middlebrook
Case I.D.# 9608015635
Cr.A.   # IN96-09-1119R1, 1120R1, 1121R1, 1122R1, 1795R1

---

The enclosed motion for postconviction relief was filed by the defendant in the above captioned case on October 28, 2003. The State is not required to file a response unless ordered, pursuant to Super.Ct.Crim.R 61(c)(4) and 61(f)(1).

Thank you very much.

cc:   file

http://courts.state.de.us/superior      Ex. 2

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

#131

IN AND FOR ___NEW CASTLE___ COUNTY

| | |
|---|---|
| STATE OF DELAWARE )<br>v. )<br>)<br>__NIKERRAY MIDDLEBROOK__ )<br>Name of Movant on Indictment )<br>)<br>__NIKERRAY MIDDLEBROOK__ )<br>Correct Full Name of Movant ) | No. IN96-09-1119-R1<br>PN96-09-1120-R1<br>IN96-09-1121-R1<br>(to be supplied by Prothonotary)<br>IN96-09-1122-R1<br>IN96-09-1795-R1 |

**MOTION FOR POSTCONVICTION RELIEF**

## MOTION

1. County in which you were convicted __New Castle.__

2. Judge who imposed sentence __Fred Silverman.__

3. Date sentence was imposed __June 12, 1998.__

4. Offense(s) for which you were sentenced and length of sentence (s):
   __Attempted Murder 1st - 25 years at level 5; Assault 1st - 2 years at level 5;__
   __2 counts of Possession of a Firearm During the Commission of a Felony -__
   __10 years at level 5, and PDWBPP - 1 year at level 5 suspended for 1 year probation.__

5. Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?   Yes ( )   No ( ✓ )
   If your answer is "yes," give the following information:
   Name and location of court(s) which imposed the other sentence(s):

   Date sentence(s) imposed: __N/A.__

   Length of sentence(s) __N/A.__

6. What was the basis for the judgment(s) of conviction? (Check one)
   Plea of guilty ( )
   Plea of guilty without admission of guilt ("Robinson plea") ( )
   Plea of nolo contendere ( )
   Verdict of jury ( ✓ )
   Finding of judge (non-jury trial) ( )

7. Judge who accepted plea or presided at trial __Fred Silverman.__

8. Did you take the witness stand and testify? (Check one)
   No trial ( )   Yes ( )   No ( ✓ )

9. Did you appeal from the judgment of conviction? Yes ( ✓ )   No ( )
   If your answer is "yes," give the following information:

   Case number of appeal __424/427, 2000.__

   Date of court's final order or opinion __January 28, 2003.__

1

Ex 2

10. Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court?
Yes ( ✓ ) No ( )    How many? ( 2 )
If your answer is "yes," give the following information as to each:

Nature of proceeding(s) __New trial motion and Post Conviction Relief.__

Grounds raised __Ineffective assistance of Counsel and Newly Discovered Evidence.__

Was there an evidentiary hearing? __No.__

Case number of proceeding(s) __9608015635.__

Date(s) of court's final order(s) or opinion(s) __November 17, 1998 and August 21, 2000.__

Did you appeal the result(s)? __No.__

11. Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment(s) under attack in this motion:

At plea of guilty or trial __James Bayard.__

On appeal __Jerome Capone.__

In any postconviction proceeding __Caroline Ayres.__

12. State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

2

Ground one: __ABUSE OF DISCRETION__
Supporting facts (state the facts briefly without citing cases):
__(See attached Memorandum of Law)__

Ground two: __ERROR OF Law__

Supporting facts (state the facts briefly without citing cases):
__(See attached Memorandum of Law)__

Ground three: __6th AND 14th Amendment Violation__
Supporting facts (state the facts briefly without citing cases):
__(See attached Memorandum of Law)__

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason(s) for not doing so: __Any of the grounds listed were not previously raised because of Ineffective assistance of Counsel.__

    Wherefore, movant asks that the court grant him all relief to which he may be entitled in this proceeding.

                                                    _____
                                                    Signature of attorney (if any)

    I declare the truth of the above under penalty of perjury.

__10/22/03__                                        _[signature]_
Date Signed                                         Signature of Movant
                                                    (Notarization not required)

III. The delay of over 47 months between the defendant's arrest, trial, conviction, original sentence and reimposed sentence may have violated his Sixth Amendment right to a speedy trial, and the passage of over 28 months from notice of appeal to affirmance of Judgment of his direct appeal by the Supreme Court may have violated his right to due process under the 14th Amendment to a prompt direct appeal causing the defendant unnecessary concern and anxiety and substantial prejudice in violation of both the United States and Delaware Constitutions and the Equal Protection Clause.

## Standard and Scope of Review

Barker v. Wingo, 407 U.S. 514 (1972)

## ARGUMENT

1. Middlebrook was found guilty after a jury trial on July 18, 2003 and a sentence date was scheduled for September 5, 1997 at 9:30 AM (almost a year after his arrest).

2. On September 5, 1997, the sentencing hearing was continued at the request of the State Attorney General, Robert Surles, without objection from Middlebrook's assistant Public Defender.

3. On September 26, 1997, the Prothonotary docketed Middlebrook's Motion to Dismiss Counsel/for substitution of appointed Counsel based on the irreconcilable conflict between Middlebrook and his assistant Public Defender, James Bayard.

EX. 2

24.

4. On October 14, 1997, the Court ruled on Middlebrook's motion to dismiss (see Court's order dated October 14, 1997), specifically whether Middlebrook desired to be sentenced as soon as possible.

5. Only the Court continued to ignore Middlebrook's assertion of the right to a speedy trial.

6. The sentencing phase was unnecessary delayed for 11 months because of the states intentional attempt to prolong the proceedings to deliberately prejudice Middlebrook. At this point 21 months passed between Middlebrook's arrest, trial, conviction and original sentence. United States v. Marion, 404 U.S. 307, 320 (1971), United States v. Campisi, 583 F.2d 692, 694 (3d Cir. 1978).

7. After Middlebrook's sentencing hearing on June 12, 1998, his privately retained attorney, Caroline Ayres discovered new evidence in this case and filed a new trial motion under Superior Court Criminal Rule 33. Unfortunately, because of Ayres inexcussable and wanton disregard for the rules of the Court he loss his right to appeal.

8. At this point Middlebrook was left without the skillful hand of Counsel to seek redress from the Court.

Ex 2

15.

9. Middlebrook then filed a number of unsuccessful letters and petitions challenging the injustice of not being able to appeal from his conviction and sentence because of counsel rendering him ineffective assistance of counsel. See the Court's docket.

10. Over one and half year elapsed after Middlebrook's June 12, 1998, sentence hearing before the Court recognized Middlebrook's right to file a direct appeal had been lost. On January 11, 2000, the Court granted Middlebrook's motion for appointment of counsel reappointing the Public Defender to represent him.

11. On January 14, 2000, Public Defender, James Bayard met with Middlebrook at Gander Hill Prison to discuss filing a post conviction motion to the Court.

12. Four months later, Middlebrook filed a letter with the Court expressing his total dissatisfaction with his public defender, Bayard and requested another attorney to be assigned to the case because of the neglect in filing for post conviction relief.

13. On June 2, 2000, Middlebrook filed for post conviction relief raising ineffective assistance of counsel.

14. On August 21, 2000, after much confusion surrounding Middlebrook's original sentencing and the events immediately following the sentencing phase the Court reimposed his sentence, in it's entirety to remove the injustice of the loss of his direct appeal. At this point a total of 47 months passed since Middlebrook's arrest.

EX 2

15. This postverdict delay not only impeded sentencing, but also impeded Middlebrook's direct appeal. See Evitts v. Lucey 469 U.S. 387 (1985); Griffin v. Illinois, 351 U.S. 12 (1956).

16. On August 30, 2000, Middlebrook filed a pro se notice of appeal from the Superior Court's sentencing order dated August 21, 2000, because Bayard had failed to recognize his continuing obligation under Supreme Court Rule 26(a). The clerk of the Supreme Court by letter dated August 30, 2000, instructed Bayard of his continuing obligation to represent Middlebrook. On September 5, 2000, Bayard recognized his continuing obligation to represent Middlebrook by filing a formal notice of appeal on behalf of Middlebrook to the Supreme Court.

17. Based on the tumultuous relationship between Middlebrook and Bayard, the apparent conflict, Middlebrook filed a motion to dismiss counsel and leave to proceed pro se on direct appeal.

18. The appellate Court by order dated September 13, 2000, granted Middlebrook's motion for remand for an evidentiary hearing. The Supreme Court retained Jurisdiction and the case was due to be returned from remand by November 13, 2000.

Ex.2

27.

19. Because the Superior Court blantly ignored the Supreme Court's order to hold an evidentiary hearing and to return this case from remand by November 13, 2000. The clerk of the Supreme Court by letter dated November 22, 2000, requesting that a status report be filed on or before December 4, 2000. Eight days after the letter from the Supreme Court Clerk the Superior Court conducted a hearing on the record on November 30, 2000, with respect to Middlebrook's request to purse his appeal prese.

20. The Superior Court after conducting a relative extensive hearing on Middlebrook's motion to dismiss counsel refused to appoint substitute counsel and forced Middlebrook to represent himself on direct appeal, in spite remaining convinced the decision was a mistake.

21. The trial Judge's order dated December 4, 2000, was approved and adopted by the Supreme Court without the trial record on December 6, 2000. The Court then issued a brief schedule.

22. Because of the delay of transmitting the record and the confusion surrounding this case Middlebrook was unfairly and unjustly forced to attempt to defend this case and an unrelated case; both cases were consolidated before the Court on January 30, 2001, without such things as law library access, the trial transcripts and record, etc. Finally, on May 11, 2001, after having the opportunity to consider the briefs on appeal as well as the trial record the Court concluded that the instructions contained in its remand were incomplete.

28.    FX 7

So this case was once again remanded to the Superior Court. The case was due to be returned from remand by June 11, 2001.

23. Nonetheless, the delays persisted, an evidentiary hearing scheduled for May 31, 2001, was rescheduled until June 8, 2001. At this time Middlebrook again requested to be appointed conflict-free counsel. On June 21, 2001, Jerome Capone, Esq. was appointed as conflict attorney to represent Middlebrook. The entire appellant delay lasted for 28 months until the affirmance of Middlebrook's direct appeal.

24. Clearly, the state initiated the delay in a deliberate attempt to gain an unfair advantage on Middlebrook and at this point cannot offer any justifiable reasons for the delay.

25. The record is clear that Middlebrook asserted his right to speedy trial in a timely fashion.

26. Because of the delay Middlebrook has suffered oppressive incarceration, anxiety and concern, including health problems and emotional stress, the unavailability of witnesses, and substantial impairment to the grounds of his direct appeal and defense, such as the review of rulings made by the trial court denying a motion for post conviction relief. These issues were not raised on direct appeal because of his previous attorneys failure to docket a timely notice of direct appeal from the denial of the motion. Middlebrook cannot avoid the bar of Rule 61(i)(3). (See attached affidavit detailing prejudice)

29.   Ex 2

27. Middlebrook's right to a speedy trial and due process may have been violated by a delay of over six years between indictment and the affirmance of his direct appeal. Middlebrook asserts that the court should, 1) attempt to fashion a remedy to counteract any resulting prejudice demonstrated by Middlebrook. However no remedy may call back the time that constitutes the delay to fix the prejudice of the fundamental unfairness Middlebrook suffered. Any alternative remedy may itself violate Middlebrook's rights. Therefore, the court may have to decide whether 1) a new trial should be held or 2) whether due to the passage of time the charges must be dismissed.

## Conclusion

WHEREFORE, for the reasons set forth herein and in the document incorparted by reference, Middlebrook respectfully request that the Court:

(1) order an evidentiary hearing and appoint counsel for Middlebrook;

(2) grant the motion for postconviction relief, reverse Middlebrook's conviction, and order a new trial; and

(3) grant all other appropriate relief.

Dated: 10/22/03

*Mikerray Middlebrook*
Mikerray Middlebrook
SBI 00295569 Unit S-1
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## Certificate of Service

I, __N. Kenney Middlebrook__, hereby certify that I have served a true and correct cop(ies) of the attached: __(Motion) Petitioner's Traverse To Ans. and Pet. In Support of Traverse + Appendix__ upon the following parties/person (s):

TO: _____          TO: _____

_____          _____

_____          _____

_____          _____


TO: _____          TO: _____

_____          _____

_____          _____

_____          _____


**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __5th__ day of __April__, 2006

_[signature]_



I/M Nikerray Middlebrook
SBI# 245569  UNIT 19 B-L-7
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S.
X-RAY

Office of the Clerk
United States District Ct.
844 N. King St. Lockbox 18
Wilmington, DE
19801-3570