# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NIKERRAY MIDDLEBROOK,
    Petitioner

v.

Thomas Carroll,
Warden and Carl Danberg, Attorney
General of the State of Delaware,
    Respondent.

Civil Action No. 05-827-SLR

"EVIDENTIARY HEARING REQUESTED"

## Motion For Expansion of Record

Pursuant to Rule 7 and 8 of the rules governing section 2254 actions, 28 U.S.C. foll. § 2254, petitioner states the following in support of his petition for a writ of habeas corpus:

### I. Nature and Stage of Proceedings

Petitioner filed a form petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 and requested leave to proceed in forma pauperis. On December 19, 2005 based on the information in petitioner's affidavit, the District court granted his request to proceed in forma pauperis. The case was assigned to Judge Sue L. Robinson. On January 9th 2006, the judge reviewed petitioner's writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Rule 4 and ordered the clerk pursuant to rules 3(b) and 4, to serve by certified mail a copy of the petition, the December 20, 2005 order, the AEDPA election form to the Delaware Correctional Center Warden and the Delaware Attorney General. The judge also ordered the Respondents to answer within 45 days of receipt of the petition. The respondent filed an Answer under Rule 5 on March 8, 2006.

-1-

The petitioner filed a reply on April 5, 2006 to Respondent's Answer pursuant to Rule 5(e).

## II. Standard of Review

Petitioner agrees that Respondent's "Standard of Review" Answer contains an accurate summary of the governing law regarding the deference due under the AEDPA to state court adjudications on the merits. On the other hand, Respondent omits entirely from its discussion what may be the most important standard of review to be considered at this juncture in the litigation - the standard this court must apply in deciding whether or not to grant petitioner an evidentiary hearing on one or more of the habeas corpus claims.

A petitioner on federal habeas corpus is entitled to an evidentiary hearing where the petitioner has never been accorded a state or federal hearing on his claim. Earp v. Oronski, 431 F.3d 1158, 1167 (9th Cir. 2005), citing Townsend v. Sain, 372 U.S. 293 (1963) and Keeney v. Tamayo-Reyes, 504 U.S. 1, 5 (1992). In stating a "colorable" claim, a petitioner is merely required to allege specific facts which, if true, would entitle him to relief. Ibid. Granted, under the AEDPA, a federal court is not required to order a hearing where the petitioner failed to develop the facts in state court. In such cases, the federal court accords a presumption of correctness to the facts found by the state court, and need not hold any evidentiary hearing unless those facts are rebutted by clear and convincing evidence.

On the other hand, no AEDPA deference is due where the state has made an "unreasonable" determination of the facts; and: "Where a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an unreasonable determination of the facts." Taylor v. Maddox, 366 F.3d 992, 1001 (9th Cir. 2004).

-2-

In sum an evidentiary hearing is required under the AEDPA — and an appellate court will remand for a hearing if the district court rules without granting one — "where the petitioner establishes a colorable claim for relief and has never been accorded a state or federal hearing on his claim." Earp, supra. at 1167.

Here, Petitioner requested an evidentiary hearing at every level of the state habeas proceedings, and each of the courts to which he applied ruled without granting him an evidentiary hearing. As a result, (1) Petitioner is entitled to an evidentiary hearing in this court before the court can make any credibility determinations on the facts alleged in the petition and supporting exhibits; and (2) Any controverted "facts" found by the state court while denying a request for an evidentiary hearing necessarily result from an unreasonable determination" of the facts, and hence are not entitled to any presumption of correctness. Earp, supra, at 1167; Taylor, supra, at 1101 ["Where the state court's legal error infects the fact-finding process, the resulting factual determination will be unreasonable and no presumption of correctness can attach to it."]

### III.   Argument - ineffective assistance of appellate counsel

The petitioner raised several claims in his habeas corpus petition. Presently, he is requesting that the court authorize petitioner leave to expand the record to include letters, documentary evidence and affidavits to support ground four. In ground four of petitioner's habeas corpus, he alleges that his appellate counsel is ineffective for failing to raise the claim of denial of his rights to a speedy trial, sentencing, and appeal on direct appeal. However, the state court thought that the basis of petitioner's claim had brought a speedy trial claim only. The state court was mistaken.

The claim has little, if anything to do with the time before petitioner's arrest and trial. Rather petitioner alleges that the length of time between his trial and sentencing, and between re-sentencing and disposition of his direct appeal, amount to a deprivation of his constitutional rights. (See Judge Silverman's Dec. 16, 2004 order denying petitioner's postconviction relief motion and State's Appellee brief, No. 30, 2005)

Accordingly, the entire basis for the state court's denial of the claim was a mistake. In Pirtle v. Morgan, 313 F.3d 1160 (9th Cir. 2002), the Ninth Circuit held that, because the state court had "mistakenly" failed to consider a habeas corpus claim that the petitioner had "properly brought", no "deference" was due to the state court decision denying it, because there was no reasoned state court decision to defer to. Hence, the court reviewed the habeas corpus claim "de novo" — according the state court denial no deference. The state court has not adjudicated this claim, which was properly raised, as required by the AEDPA and therefore is entitled to no deference at all on federal habeas corpus. Appel v. Horn, 250 F.3d 203, 210 (3d. Cir. 2001)

Middlebrook [Petitioner] reasserts his claim that he was denied his constitutional right to a speedy trial, sentencing and appeal.[1] Included with the reasserted claim of appellant counsel's ineffectiveness is letters, documents, and affidavits to support the claim by clear and convincing evidence. (see ground four attached to this motion and Appendix to support petitioner's claim of ineffective assistance of appellate counsel.

---

1. The petitioner is not requesting for the record to be expanded on his other claims raised in his habeas corpus petition filed November 30, 2005.

## IV. Conclusion

The petitioner is requesting the court to expand the record and order an evidentiary hearing on the petitioners claim of IAC of appellate counsel because he failed to raise a violation of petitioners speedy trial, sentencing, and appeal claim.

Dated: 7/20/06

Nikerray Middlebrook,
Petitioner pro se
SBI # 295569
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Exhibits: Postconviction Argument (Excerpt from Postconviction motion pp 24-35) Exhibit A
Appellants Reply Brief (included in its entirety)    Exhibit B
States Answer brief (included in its entirety)    Exhibit C

-5-

## Certificate of Service

I, __Nikerray Middlebrook__, hereby certify that I have served a true and correct cop(ies) of the attached: __Motion for Expansion of Record and Evidentiary hearing__ upon the following parties/person (s):

TO: __Elizabeth McFaalen__
__Dept. of Justice,__
__820 N. French St__
__Wilm. DE 19801__

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this __20th__ day of __July__, 2006

I/M Nikeem Middlebrook
SBI# 295569   UNIT 21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware
19801