IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NiKerray Middlebrook,
    Petitioner,

V.                         Civil Action No. 05-827-SLR

Thomas Carroll,
Warden and Carl Danberg, Attorney
General of the State of Delaware,
    Respondent

Appendix To Petitioner's
Motion for Evidentiary Hearing
and Expansion of Record

Dated : 7/20/06

                              NiKerray Middlebrook
                              SBI   295569
                              DCC
                              1181 Paddock Road
                              Smyrna, DE 19977

# Table of Contents

Court Docket ... ... ... A-1
The Court — Judge Silverman letter (7/25/97)... A-14
— Judge Silverman letter ... A-15
— Judge Silverman letter (11/9/99)... A-16
— Judge Silverman letter (2/25/00) ... A-17
— Judge Silverman letter (4/19/00) ... A-18
— Judge Silverman letter (4/25/00) ... A-20
— Judge Silverman letter 5/21/00) ... A-21
Motion Dismiss ... ... ... ... A-27
Sentencing Transcripts (included in its entirety) ... A-33
Motion for Postconviction ... ... ... A-38
Superior Court Order ... ... ... A-41
Counsel for Defendant ... ... ...
— letter to Caroline Ayres (3/8/78) ... A-42
— Ayres letter to Defendant (1/22/99) ... A-43
— James Bayard letter (3/21/00) ... A-44
— James Bayard letter (5/24/00) ... A-45
Defendants pro se Notice of Appeal ... ... ... A-47
James Bayard Notice of Appeal ... ... ... A-52
1st Motion for transcript ... ... ... A-57
2nd Motion for transcript ... ... ... A-62
Petition for Extraordinary Writ ... ... A-66
Motion to Dismiss Counsel ... ... A-73
Delaware Supreme Court — Docket Sheet ... A-78
— Letter from Clerk to James Bayard ... A-81
— Court Order
— Court Order

```
              SUPERIOR COURT CRIMINAL DOCKET           Page     1
                    ( as of  01/13/2006 )
```

State of Delaware v.  NIKERRAY K MIDDLEBROOK              DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.         AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.           NIKERRAY MIDDLEBROOK


Assigned Judge:

Charges:
| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 9608015635 | IN96091119R2 | ATT. FELONY A | TG | 07/18/1997 |
| 002 | 9608015635 | IN96091120R2 | ASSAULT 1ST | TGLI | 07/18/1997 |
| 003 | 9608015635 | IN96091121R2 | PFDCF | TG | 07/18/1997 |
| 004 | 9608015635 | IN96091122R2 | PFDCF | TG | 07/18/1997 |
| 012 | 9608015635 | IN96091795R2 | PDWBPP | TG | 07/18/1997 |
| 013 | 9608015635 | IN96091796 | RSP >$1000 | NOLP | 11/12/1997 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| 1 | 09/20/1996 | CASE ACCEPTED IN SUPERIOR COURT. ARREST DATE: 09/11/96 PRELIMINARY HEARING DATE: BAIL: HELD ON SECURED BAIL                150000.00 100 | |
| 7 | 09/30/1996 | INDICTMENT, TRUE BILL FILED. | |
| 3 | 10/01/1996 | NOTICE OF SERVICE OF DISCOVERY AND ACKNOWLEDGEMENT OF RECEIPT OF | |
| 4 | 10/01/1996 | NOTICE OF SERVICE OF DISCOVERY AND ACKNOWLEDGEMENT OF RECEIPT OF | |
| 5 | 10/01/1996 | NOTICE OF SERVICE OF DISCOVERY AND ACKNOWLEDGEMENT OF RECEIPT OF | |
| 6 | 10/01/1996 | NOTICE OF SERVICE OF DISCOVERY AND ACKNOWLEDGEMENT OF RECEIPT OF | |
| 8 | 10/22/1996 | ARRAIGNMENT BY RULE 10C, J. BAYARD, ESQ. | |
| 9 | 11/25/1996 | CASE REVIEW CALENDAR, CONTINUED. | COOCH RICHARD R. |
| 10 | 01/13/1997 | STATE'S WITNESS SUBPOENA ISSUED. | |
| 11 | 01/16/1997 | SHERIFF'S COSTS FOR SUBPOENAS DELIVERD. | |
| 12 | 01/16/1997 | SHERIFF'S COSTS FOR SUBPOENAS DELIVERD. | |
| 13 | 01/16/1997 | SHERIFF'S COSTS FOR SUBPOENAS DELIVERD. | |



CERTIFIED AS A TRUE COPY
ATTEST: SHARON AGNEW
PROTHONOTARY
BY Jennife

A-1

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    2
                         ( as of  01/13/2006 )

State of Delaware v.  NIKERRAY K MIDDLEBROOK                    DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.          AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.            NIKERRAY MIDDLEBROOK


       Event
No.    Date           Event                              Judge .
-----------------------------------------------------------------------------
14    01/16/1997
           SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
15    01/16/1997
           SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
16    01/16/1997
           SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
17    01/27/1997                                  COOCH RICHARD R.
           TRIAL CALENDAR, CONTINUED.
           032497
18    02/26/1997
           SUBPOENA(S) MAILED.
19    03/24/1997                                  BARRON NORMAN A.
           TRIAL CALENDAR, CONTINUED.
           050597
20    04/10/1997      .
           STATE'S WITNESS SUBPOENA ISSUED.
21    04/11/1997
           SUBPOENA(S) MAILED.
22    04/16/1997
           SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
23    04/16/1997
           SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
24    04/16/1997
           SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
25    04/16/1997
           SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
26    04/16/1997
           SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
27    04/24/1997
           SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
28    05/05/1997                                  COOCH RICHARD R.
           TRIAL CALENDAR, CONTINUED.
29    06/03/1997                                  CARPENTER WILLIAM C. JR.
           EDCM SCHEDULING TRIAL FILED.
           JULY 15, 1997, WITH JUDGE SILVERMAN
30    06/18/1997
           SUBPOENA(S) MAILED.
31    06/24/1997
           STATE'S WITNESS SUBPOENA ISSUED.
32    07/01/1997
           SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
33    07/01/1997
```

A-2

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    3
                          ( as of  01/13/2006 )

State of Delaware v.  NIKERRAY K MIDDLEBROOK                DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.       AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.          NIKERRAY MIDDLEBROOK

     Event
No.  Date           Event                              Judge .
------------------------------------------------------------------------
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
34   07/01/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
35   07/01/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
36   07/01/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
37   07/01/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
38   07/01/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
39   07/01/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
40   07/01/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
41   07/01/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
42   07/01/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
43   07/10/1997
         DEFENDANT'S LETTER FILED.
44   07/14/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
45   07/14/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
46   07/14/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
47   07/14/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
48   07/14/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
49   07/16/1997
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
50   07/18/1997                                   SILVERMAN FRED S.
         JURY TRIAL HELD. DEFENDANT FOUND GUILTY AS TO ATTEMPTED MURDER 1ST,
         1119, GUILTY AS TO THE LIO OF ASSAULT 1ST 1120, GUILTY AS TO PFDCF
         1121, PFDCF 1122, AND GUILTY AS TO PDWBPP 1795. PSI ORDERED. BAIL IS
         REVOKED. SENTENCE DATE 09/05/97 AT 9:30.
         S/STEIN, SURLES  D/BAYARD  CC/FRABIZZO CC/MCCAFFERY
51   07/18/1997                                   SILVERMAN FRED S.
         CHARGE TO THE JURY FILED.
     09/05/1997                                   SILVERMAN FRED S.
```

$A$-3

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    4
                       ( as of   01/13/2006 )

State of Delaware v.  NIKERRAY K MIDDLEBROOK                  DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.        AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.          NIKERRAY MIDDLEBROOK


      Event
No.   Date           Event                            Judge .
-------------------------------------------------------------------------
      SENTENCING CALENDAR, SENTENCING CONTINUED.
52    09/26/1997
      MOTION FOR APPOINTMENT OF COUNSEL FILED.
      PRO SE - REFERRED TO JUDGE CARPENTER (COJ)
53    10/14/1997                               SILVERMAN FRED S.
      ORDER: ON DEFENDANT'S MOTION TO DISMISS COUNSEL:
      DEFENDANT'S COUNSEL IS REQUIRED TO MEET WITH DEFENDANT IN ORDER TO
      DISCUSS THE ISSUES RAISED BY DEFENDANT PROMPTLY IN HIS MOTION AND TO
      DECIDE WHETHER DEFENDANT WANTS TO BE SENTENCED AS SOON AS POSSIBLE.
      IF DEFENDANT CONTINUES TO INSIST ON REPRESENTING HIMSELF AT SENTENCING
      AND THEREFORE, THE COURT WILL ADDRESS THE MATTER AT DEFENDANT'S
      SENTENCING AND/OR BEFORE HIS SECOND TRIAL.
54    10/20/1997
      MOTION FOR JUDGMENT OF ACQUITTAL FILED.
      PRO SE - REFERRED TO JUDGE SILVERMAN.
56    11/04/1997                               SILVERMAN FRED S.
      REFERRAL MEMORANDUM, DEFENDANT'S PRO SE MOTION FOR JUDGMENT
      OF ACQUITTAL IS REFERRED TO JAMES BAYARD AS COUNSEL OF RECORD,
      FOR WHATEVER ACTION HE DEEMS APPROPRIATE.
      11/07/1997                               SILVERMAN FRED S.
      SENTENCING CALENDAR, SENTENCING CONTINUED. TO HIRE PRIVAT ATT.
57    11/12/1997
      NOLLE PROSEQUI FILED BY ATTORNEY GENERAL.
      1796, RSN: PLED & SENT.ON OTHER CHRGS.
58    02/26/1998                               SILVERMAN FRED S.
      ORDER: CONTINUANCE REQUEST - GRANTED
      SENTENCING NOW SCHEDULED FOR 032798 @ 1:15 P.M.
59    02/27/1998                               SILVERMAN FRED S.
      SENTENCING CALENDAR, SENTENCING CONTINUED 032798
60    03/27/1998                               SILVERMAN FRED S.
      SENTENCING CALENDAR, SENTENCING CONTINUED.
      NO NEW DATE GIVEN. DEFT.ATTORNEY NOT AVAIL.
61    03/27/1998
      DEFENDANT'S LETTER FILED.
      06/12/1998                               SILVERMAN FRED S.
      SENTENCING CALENDAR: DEFENDANT SENTENCED.
62    06/12/1998                               SILVERMAN FRED S.
      HEARING: DEFT. MOTION TO DISMISS - DENIED
64    06/12/1998                               SILVERMAN FRED S.
      SENTENCE:  SIGNED ORDER FILED 7/2/98.
63    06/23/1998
      MOTION FOR NEW TRIAL FILED.
```

A-6

State of Delaware v.  NIKERRAY K MIDDLEBROOK                 DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.        AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.          NIKERRAY MIDDLEBROOK

```
     Event
No.  Date          Event                                    Judge .
-----------------------------------------------------------------------------
```
         CAROLINE P. AYRES, ESQ. - REFERRED TO JUDGE SILVERMAN.
         REFERRED ON JUNE 24, 1998.
65   06/26/1998                                    SILVERMAN FRED S.
         ORDER: UPON DEFT'S MOTION FOR A NEW TRIAL.
         THE COURT FINDS THAT DEFT'S MOTION FOR A NEW TRIAL
         IS INSUFFICIENT ON ITS FACE TO JUSTIFY FURTHER
         PROCEEDINGS AND IS DENIED. IT IS SO ORDERED.
66   08/21/1998
         RENEWED MOTION FOR A NEW TRIAL FILED.
         CAROLINE P. AYRES, ESQ. - REFERRED TO JUDGE SILVERMAN.
67   09/08/1998                                    SILVERMAN FRED S.
         ORDER:  1. ON AUGUST 21, 1998, DEFENDANT FILED A RENEWED MOTION FOR A
         NEW TRIAL.  2.  IF THE STATE OPPOSES THE REQUEST, THE STATE WILL FILE
         A RESPONSE WITHIN 15 DAYS.  THE STATE'S RESPONSE SHALL INCLUDE THE
         GROUNDS ON WHICH THE STATE'S OPPOSITION IS BASED, INCLUDING CITATIONS
         TO THE RECORD AND AUTHORITIES.  3. IN THE EVENT THAT THE STATE DOES
         NOT RESPOND ON OR BEFORE THE TIME SET FOR THE STATE'S FILING RESPONSE,
         THE COURT WILL CONSIDER THE MOTION WITHOUT FURTHER NOTICE OR HEARING
         AND THE COURT MAY GRANT THE MOTION AS UNOPPOSED.  4.   THE COURT WILL
         CONSIDER EXTENDING THE DEADLINE SET OUT ABOVE, UPON APPLICATION MADE
         BEFORE EXPIRATION OF THE DEADLINE.  5. THE COURT WILL NOT CONSIDER
         FILINGS MADE AFTER THE DEADLINE, ABSENT AN EXTENSION.  IT IS SO
         ORDERED.
68   09/17/1998
         AFFIDAVIT OF  REGINA GREEN
69   09/17/1998
         LETTER FROM:  CAROLINE AYRES
         TO:  JUDGE SILVERMAN
         RE:  REQUESTING AFFADAVIT BE CONSIDERED AS ADDITIONAL GROUNDS FOR
         GRANTING DEFENDANT A NEW TRIAL
71   09/18/1998                                    SILVERMAN FRED S.
         EMAIL FILED.
         TO:  JUDGE SILVERMAN
         FROM:  ROBERT SURLES
         RE:  STATE ASKS FOR AN EXTENSION TO RESPOND TO THE DEFENSE MOTION FOR
         A NEW TRIAL.  GRANTED BY JUDGE SILVERMAN.
70   09/25/1998                                    SILVERMAN FRED S.
         ORDER: ON SEPTEMBER 18, 1998, THE COURT RECEIVED A LETTER FROM MS.
         AYRES ENCLOSING AN AFFADAVIT.  IF THE STATE OPPOSES THE REQUEST, THE
         STATE WILL FILE A RESPONSE WITHIN 15 DAYS.  THE STATE'S RESPONSE SHALL
         INCLUDE THE GROUNDS ON WHICH THE STATE'S OPPOSITION IS BASED,
         INCLUDING CITATIONS TO THE RECORD AND AUTHORITIES.  IN THE EVENT THAT

```
                    SUPERIOR COURT CRIMINAL DOCKET            Page    6
                         ( as of  01/13/2006 )

State of Delaware v.  NIKERRAY K MIDDLEBROOK                DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.       AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.         NIKERRAY MIDDLEBROOK


      Event
No.   Date          Event                            Judge .
-----------------------------------------------------------------------------
      THE STATE DOES NOT RESPOND ON OR BEFORE THE TIME SET FOR THE STATE'S
      FILING A RESPONSE, THE COURT WILL CONSIDER THE MOTION WITHOUT FURTHER
      NOTICE OR HEARING AND THE COURT MAY GRANT THE MOTION AS UNOPPOSED.
      THE COURT WILL CONSIDER EXTENDING THE DEADLINE SET OUT ABOVE, UPON
      APPLICATION MADE BEFORE EXPIRATION OF THE DEADLINE.  THE COURT WILL
      NOT CONSIDER FILINGS MADE AFTER THE DEADLINE, ABSENT AN EXTENSION.  IT
      IS SO ORDERED.
72    11/17/1998                                     SILVERMAN FRED S.
      ORDER: (SUBMITTED; 100998)
      (DECIDED; 111798) DEFT'S RENEWED MOTION FOR
      A NEW TRIAL - DENIED. IT IS SO ORDERED.
73    08/23/1999
      SUBSTITUTION OF COUNSEL FILED.
      SUBSTITUTE CAROLINE AYRES FOR JAMES BAYARD AS DEFENSE COUNSEL.
74    11/08/1999    .
      MOTION FOR DIRECTING THE PREPARATION OF TRANSCRIPTS PRO SE FILED.
      REFERRED TO JUDGE BARRON COJ   11/17/99
      ATTACHED: AFFADAVIT TO PROCEED IN FORMA PAUPAERIS
      ORIGINALLY REFERRED TO JUDGE SILVERMAN 11/8/99 RETURNED
75    11/18/1999                                     BARRON NORMAN A.
      ORDER:  MOTION FOR TRANSCRIPTS IS DENIED.  YOUR MOTION IN THE INSTANT
      CASE BEING IDENTICALLY GENERAL AND UNSUPPORTED BY ANY SPECIFIC CLAIM
      OR FACTS, THIS COURT FINDS NO REASON TO REACH A CONTRARY CONCLUSION.
      FOR THE FOREGOING REASONS, YOUR MOTION IS DENIED.
76    12/03/1999
      DEFENDANT'S LETTER FILED. TO JUDGE SILVERMAN REQUESTING THE COURT TO
      PAY FOR TRANSCRIPTS OF HIS TRIAL TO FILE POST CONVICTION RELIEF.
78    12/03/1999
      DEFENDANT'S LETTER FILED. TO JUDGE SILVERMAN INQUIRING ABOUT A MOTION
      FOR THE COURT TO PAY FOR TRANSCRIPTS OF HIS TRIAL AND REQUESTING TO
      HAVE A COURT APPOINTED ATTORNEY.
77    12/08/1999                                     SILVERMAN FRED S.
      REFERRAL MEMORANDUM. TO CAROLINE AYRES, ESQ. FROM JUDGE SILVERMAN
      ATTACHED TO DOCKET #76 LETTER.
79    12/08/1999
      MOTION TO ENTER AN ORDER DIRECTING THE PREPARATION OF TRANSCRIPTS-PRO
      SE FILED.
      REFERRED TO JUDGE SILVERMAN COJ 12/9/99
80    12/10/1999
      MOTION FOR APPOINTMENT OF COUNSEL (PRO SE)  FILED.
      REFERRED TO JUDGE DELPESCO -COJ 12/13/99
81    01/11/2000                                     SILVERMAN FRED S.
```

$A-6$

SUPERIOR COURT CRIMINAL DOCKET                     Page    7
                 ( as of   01/13/2006 )

State of Delaware v.  NIKERRAY K MIDDLEBROOK                    DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.      AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.        NIKERRAY MIDDLEBROOK

      Event
No.   Date          Event                                    Judge
------------------------------------------------------------------------------
      ORDER: THE COURT IS HEREBY REAPPOINTING THE PUBLIC DEFENDER TO
      REPRESENT THE DEFENDANT.
      IT IS SO ORDERED.
82    03/17/2000
      DEFENDANT'S LETTER FILED ADDRESSED TO JUDGE SILVERMAN REQUESTING
      COPIES OF TRANSCRIPTS AND AN ORDER PERTAINING TO MOTIONS HE HAS FILED.
83    03/17/2000                                     SILVERMAN FRED S.
      REFERRAL MEMORANDUM FROM JUDGE SILVERMAN TO JAMES BAYARD, ESQ.
84    04/28/2000
      RECEIPT OF PETITION FOR EXTRAORDINARY WRIT OF MANDAMUS PURSUANT TO
      SUPREME COURT RULE 43 BY PETITIONER.
      RECEIPT OF MEMO DATED 4/25/00 FROM JUSTICE BERGER TO CLERK, NOTING
      HER DISQUALIFICATION IN THIS MATTER.
89    05/24/2000                                     SILVERMAN FRED S.
      DEFENDANT'S LETTER FILED.  TO: JUDGE SILVERMAN FROM: NIKERRAY MIDDLE-
      BROOK
      ADVISING THE JUDGE OF NOT HEARING FROM MR. BAYARD REGARDING HIS APPEAL
      & OF HIS PREVIOUS DISSATISFACTION WITH MR. BAYARD. ALSO REQUESTING
      ANOTHER PUBLIC DEFENDER BE ASSIGNED TO HIS CASE.
85    05/31/2000
      ORDER: IN THE MATTER OF THE PETITION OF NIKERRAY MIDDLEBROOK FOR A
      WRIT OF MANDAMUS.  MIDDLEBROOK'S PETITION FOR THE ISSUANCE OF AN
      EXTRAORDINARY WRIT IS DENIED. THE STATE'S MOTION
      TO DISMISS IS GRANTED
86    06/02/2000
      MOTION FOR POSTCONVICTION RELIEF FILED. (PRO SE)
      REFERRED TO JUDGE BABIARZ 6/12/00 AMH
      LETTER TO ATTORNEY GENERAL'S OFFICE NOTIFICATION OF FILING FOR MOTION
      FOR POSTCONVICTION RELIEF.
87    06/19/2000
      RECEIPT OF CERTIFIED COPY OF ORDER DATED 5/30/00.
90    06/19/2000                                     SILVERMAN FRED S.
      REFERRAL MEMORANDUM.
      FROM JUDGE SILVERMAN TO JAMES BAYARD, ATTACHED TO DEF. LETTER
88    06/23/2000                                     SILVERMAN FRED S.
      LETTER/ORDER ISSUED BY JUDGE: SILVERMAN TO: COUNSEL
      RE: ATTACHED IS A COPY OF DEFENDANT'S JUNE 2, 2000 MOTION FOR
      POSTCONVICTION RELIEF. IN ORDER TO DECIDE HOW TO PROCEED, IT WOULD
      HELP IF YOU RESPOND BRIEFLY TO DEFENDANT'S CLAIM THAT YOU FAILED TO
      FILE A TIMELY DIRECT APPEAL ON HIS BEHALF.
      THE COURT WOULD LIKE YOUR RESPONSE WITHIN TEN DAYS.
      IT IS SO ORDERED.

$A-7$

```
                      SUPERIOR COURT CRIMINAL DOCKET           Page    8
                         ( as of  01/13/2006 )

State of Delaware v.  NIKERRAY K MIDDLEBROOK                   DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.          AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.            NIKERRAY MIDDLEBROOK

       Event
No.    Date        Event                                    Judge .
------------------------------------------------------------------------------
95   06/27/2000
        MOTION FOR STAY OF SENTENCE (CERT.OF REASONABLE DOUBT) FILED.
        PRO SE / REFERRED TO JUDGE SILVERMAN.
92   06/29/2000
        AMENDED MOTION FOR POSTCONVICTION RELIEF FILED (PRO SE)
        REFERRED TO JUDGE SILVERMAN 7/10/00
93   06/29/2000
        MOTION FOR STAY OF EXECUTION OF SENTENCE (PRO SE)  FILED.
        REFERRED TO JUDGE SILVERMAN.
94   06/29/2000
        MOTION FOR APPOINTMENT OF COUNSEL (PRO SE)  FILED.
        REFERRED TO JUDGE SILVERMAN
97   06/29/2000                                     SILVERMAN FRED S.
        AMENDED MOTION FOR POST - CONVICTION RELIEF FILED
        SENT TO JAMES BAYARD, ESQ. AS COUNSEL FOR THE DEFENDANT.
91   07/05/2000
        AFFIDAVIT OF CAROLINE AYERS, ESQ IN RESPONSE TO RULE 61.
        REFERRED TO JUDGE SILVERMAN 7/6/00
96   07/14/2000                                     SILVERMAN FRED S.
        ORDER:  THE PUBLIC DEFENDER IS REAPPOINTED TO REPRESENT
        THE DEFENDANT, AT LEAST WITH RESPECT TO THE ISSUES THAT SHOULD
        HAVE BEEN RAISED ON DIRECT APPEAL.  ONCE THE ISSUES
        THAT SHOULD HAVE BEEN RAISED ON DIRECT APPEAL ARE ADDRESSED, THE COURT
        WILL TAKE UP ANY REMAINING RULE 61 ISSUES.  MEANWHILE, SO THERE IS NO
        CONFUSION ON THIS POINT,THE COURT FINDS NO BASIS FOR ISSUING A CERTIFI
        CATE OF REASONABLE DOUBT.  IT IS SO ORDERED.
98   07/24/2000
        LETTER FROM NIKKERAY MIDDLEBROOK   TO JUDGE SILVERMAN.
        RE: INEFFECTIVE ASSISTANCE OF COUNSEL.
        LETTER REFERRED TO JUDGE SILVERMAN 7/26/2000
100  07/24/2000
        DEFENDANT'S LETTER FILED TO: JUDGE SILVERMAN.
        REQUESTING THAT ENCLOSED INFORMATION BE CONSIDERED IN GRANTING A POST
        CONVICTION RELIEF MOTION.
99   07/31/2000
        MOTION FOR EVIDENTIARY HEARING (PRO SE)  FILED.
        REFERRED TO JUDGE SILVERMAN 8/1/00  AMH
101  08/09/2000                                     SILVERMAN FRED S.
        REFERRAL MEMORANDUM. TO JAMES BAYARD, ESQ FROM: JUDGE SILVERMAN
        MOTION FOR EVIDENTIARY HEARING
        THE ATTACHED DOCUMENT, WHICH HAS BEEN RECEIVED AND REVIEWED BY THE
        COURT, IS REFERRED TO YOU AS COUNSEL OF RECORD FOR WHATEVER ACTION
```

$A-8$

```
                    SUPERIOR COURT CRIMINAL DOCKET          Page    9
                       ( as of   01/13/2006 )
```

State of Delaware v.  NIKERRAY K MIDDLEBROOK                DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.        AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.          NIKERRAY MIDDLEBROOK

```
      Event
No.   Date          Event                                Judge .
-----------------------------------------------------------------------------
      YOU NEED APPROPRIATE.
102   08/14/2000
      DEFENDANT'S LETTER FILED.
      REQUESTING MOTION FOR EVIDENTIARY HEARING.
103   08/18/2000
      LETTER FROM LOREN MEYERS, CHIEF OF APPEALS  TO:JUDGE SILVERMAN
      RE: REGARDING THE LACK OF AN APPEAL BEING FILED ON BEHALF OF THE DEF.
109   08/18/2000
      LETTER FROM: LOREN MEYERS  TO: JUDGE SILVERMAN
      RE: RE-EMPHASIZE POINTS MADE BY MR. BAYARD IN HIS EARLIER LETTER TO
      JUDGE SILVERMAN.
104   08/21/2000                                   SILVERMAN FRED S.
      AT THIS POINT, IT IS OBVIOUS THAT CONSIDERABLE CONFUSION SURROUNDS
      DEFENDANT'S ORIGINAL SENTENCING AND THE EVENTS IMMEDIATELY FOLLOWING
      IT.  IN SHORT, DEFENDANT, IN EFFECT, HAD TWO ATTORNEYS, ONE COURT-
      APPOINTED AND ONE PRIVATE RETAINED.  IT IS UNCLEAR AS TO WHICH
      ATTORNEY WAS RESPONSIBLE FOR FILING DEFENDANT'S APPEAL.  IN ORDER TO C
      LEAR UP THE CONFUSION AND TO PROTECT DEFENDANT'S RIGHTS, THE SENTENCE
      ORIGINALLY IMPOSED JUNE 12, 1998 IS REIMPOSED, IN ITS ENTIRETY, AS OF
      TODAY.  THE PUBLIC DEFENDER IS REAPPOINTED TO REPRESENT DEFENDANT FOR
      ALL PURPOSED, INCLUDING THE TIMELY FILING OF AN APPEAL FROM DEFENDANTS
      CONVICTION AND THE REIMPOSED SENTENCE.  SO ORDERED.
105   09/05/2000
      NOTICE OF APPEAL FILED.  (COPY0  #424, 2000.
106   09/07/2000
      NOTICE OF APPEAL FILED.  (COPY)  #427, 2000.
107   09/12/2000
      NOTICE OF APPEAL FILED.  (COPY)  #424/427, 2000.
108   09/12/2000
      LETTER FROM SUPREME COURT TO KARTHLEEN FELDMAN, COURT REPORTER.
      TRANSCRIPT IS DU ENO LATER THAN OCTOBER 16, 2000.
110   09/19/2000
      RECEIPT OF FOLLOWING DOCKET ENTRIES FROM SUPREME COURT.
      SEPTEMBER 14, 2000 - CERTIFIED COPY OF ORDER DATED SEPT. 13, 2000.
      SEPTEMBER 14, 2000 - CERTIFIED COPY OF ORDER DATED SEPT. 13, 2000.
111   10/02/2000
      TRANSCRIPT OF OFFICE CONFERENCE FROM JULY 15, 1997.
112   10/02/2000
      TRANSCRIPT OF TRIAL FROM JULY 16, 1997.
113   10/02/2000
      TRANSCRIPT OF OFFICE CONFERENCE FROM JULY 17, 1997.
114   10/02/2000
```

A-9

```
                       SUPERIOR COURT CRIMINAL DOCKET                Page    10
                          ( as of  01/13/2006 )

State of Delaware v.  NIKERRAY K MIDDLEBROOK                     DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.        AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.          NIKERRAY MIDDLEBROOK


      Event
No.   Date            Event                                  Judge .
-------------------------------------------------------------------------------
      TRANSCRIPT OF TRIAL FROM JULY 18, 1997.
115   10/04/2000
      RECEIPT OF CERTIFIED COPY OF ORDER DATED 9/14/00.
116   10/04/2000
      A DEFENDANT REPRESETNED BY COUNSEL MAY NOT ACT PRO SE.  COUSNEL IS THE
      ONLY PERSON WHO IS AUTHORIZED TO ACT ON BEHALF OF THE DEFENDANT.
      NOW, THEREFORE, IT IS ORDERED THAT THIS APPEAL BE, AND THE SAME
      HEREBY IS, DISMISSED.
117   10/06/2000
      TRANSACRIPT OF PROCEEDING FROM JUNE 12, 1998.
118   10/11/2000
      DEFENDANT'S LETTER FILED TO: DORENE STARKS.
      RE: WANTS CHANGE OF ADDRESS DOCKETED.
119   11/30/2000
      EMAIL FILED TO:  COLLEN REDMOND  FROM:  LINDA HAWTHORNE
      RE:  BLUE SHEET ITEM FOR 11/30/00
      EVIDENTIARY HEARING AS TO PRO SE STATUS
120   11/30/2000                                    SILVERMAN FRED S.
      EVIDENTIARY HEARING HELD WITH JUDGE SILVERMAN
      DEF. ATTY -BAYARD
      DAG - MEYERS
      C/C - YEAGER    .
      C/R - O'HARE
      ACTION:  JUDGE SILVERMAN WILL RECOMMEND THAT DEF. BE ALLOWED TO REPRE-
      SENT HIMSELF AT SUPREME COURT OF DE APPEAL.  JUDGE STRONGLY SUGGESTS Q
      THAT DEF. RE-THINK HIS GOING PRO-SE.
121   12/04/2000                                    SILVERMAN FRED S.
      FINDS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATIONS FILED.
      IN ACCORDANCE WITH THE SUPREME COURT OF DELAWARE'S SEPTEMBER 13, 2000
      ORDER, THIS COURT CONDUCTED A HEARING, ON THE RECORD, ON NOVEMBER
      30, 2000 FOR THE LIMITED PURPOSE OF MAKING FINDINGS OF FACT AND
      CONCLUSIONS OF LAW WITH RESPECT TO APPELLANT'S REQUEST TO PURSUE
      HIS APPEAL PRO SE.
      SEE REST OF ORDER IN FILE.
122   12/05/2000
      RECORDS SENT BACK TO SUPREME COURT FOR REMAND.
123   12/06/2000
      RECEIPT OF RECORD ACKNOWLEDGED BY SUPREME COURT.
124   12/08/2000
      LETTER FROM SUPREME COURT TO PROTHONOTARY.
      RECORD IS DUE NO LATER THAN DECEMBER 18, 2000.
125   05/22/2001
```

4-1D

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    11
                        ( as of   01/13/2006 )

State of Delaware v.  NIKERRAY K MIDDLEBROOK                    DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.         AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.           NIKERRAY MIDDLEBROOK

       Event
No.    Date           Event                                 Judge .
------------------------------------------------------------------------------
       SUPREME COURT RECORD AND CERTIFIED COPY OF ORDER DATED 5/11/01.
       #422, 2000 CONSOLIDATED WITH 427, 2000. REMANDED. CASE DUE TO
       BE RETURNED BY 6/11/01. SENT TO SILVERMAN, J. ON 5/23/01.
126    05/31/2001
       HEARING RESCHEDULED.  DEFENDANT WAS NOT TRANSPORTED.  NO DATE GIVEN.
127    06/08/2001                                   SILVERMAN FRED S.
       HEARING
       DEFENDANT WANTS COURT APPT COUNSEL, BUT NO PUBLIC DEFENDER.  JUDGE
       SILVERMAN WANTS A CONFLICT ATTORNEY APPT ASAP.   DEFENDANT REQUESTED
       THAT HE GET 2 DIFFERENT ATTORNEYS FOR HIS 2 CASES, HOWEVER, JUDGE
       SILVERMAN WILL LEAVE THAT DECISION UP TO THE CONFLICT ATTORNEY CHOSEN.
128    06/21/2001                                   SILVERMAN FRED S.
       ORDER: JEROME CAPONE, ESQ IS HEREBY APPOINTED AS CONFLICT ATTORNEY
       TO REPRESENT THE ABOVE NAMED DEFENDANT FOR ALL RELIEF IN THE SUPREME
       COURT FOR THIS CASE. IT IS SO ORDERED.
       06/26/2001
       RECORDS SENT TO SUPREME COURT.
130    02/20/2003
       MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
       SUPREME COURT CASE NO: 424/427, 2003
       SUBMITTED: NOVEMBER 26, 2002
       DECIDED: JANUARY 28, 2003
       BEFORE VEASEY, CHIEF JUSTICE, WALSH, AND HOLLAND, JUSTICES.
131    10/28/2003
       MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
       REFERRED TO JUDGE SILVERMAN
132    11/04/2003
       LETTER FROM ANGELA HAIRSTON, PROTHONOTARY OFFC.  TO ROBERT SURLES, DAG
       RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
       ATTACHED: COPY OF THE MOTION.
133    03/01/2004                                   SILVERMAN FRED S.
       LETTER/ORDER ISSUED BY JUDGE: SILVERMAN. TO: JAMES BAYARD, ESQ.
       RE: RULE 61. PRIOR COUNSEL AFFIDAVIT DUE THIRTY DAYS FROM THE DATE OF
       THIS ORDER.
       THERAFTER, CONSISTENT WITH RULE 61(G)(3) THE STATE AND MR. MIDDLEBROOK
       WILL HAVE THIRTY DAYS IN WHICH TO SUBMIT A RESPONSE ADMITTING OR
       DENYING YOUR AFFIDAVIT'S CORRECTNESS. THE STATE AND MR. MIDDLEBROOK DO
       NOT HAVE LEAVE TO MAKE ADDITIONAL FILINGS BEYOND THE ONE PROVIDED FOR
       UNDER RULE 61(G)(3) AND THIS ORDER. THE COURT WILL DISREGARD ANY
       FILING THAT VIOLATES RULE 61 AND THIS ORDER. IT IS SO ORDERED.
       * SEE FULL LETTER ORDER IN FILE.
134    04/13/2004
```

A-11

SUPERIOR COURT CRIMINAL DOCKET                Page    12
( as of  01/13/2006 )

State of Delaware v.  NIKERRAY K MIDDLEBROOK                DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.          AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.            NIKERRAY MIDDLEBROOK

```
      Event
No.   Date          Event                              Judge .
```
-------------------------------------------------------------------------
      AFFIDAVIT IN SUPPORT OF PETITIONER'S REPLY TO JAMES BAYARD'S LETTER
      RESPONSE DATED MARCH 23, 2004.
135   05/19/2004
      DEFT'S AFFIDAVIT IN SUPPORT OF HIS MOTION FOR POST CONVICTION RELIEF
      AND HIS REPLY MOTION IN LIEU OF THE STATE'S NEGLECT TO SERVE
      PETITIONER WITH A TIMELY COPY OF THE STATE'S ANSWER TO DEFT COUNSEL'S
      AFFIDAVIT ORDERED BY THE COURT.
136   07/30/2004                                  SILVERMAN FRED S.
      LETTER/ORDER ISSUED BY JUDGE SILVERMAN. RE: RULE 61. CONSISTENT WITH
      RULE 61, THE COURT WILL ACCEPT NO FURTHER RESPONSE FROM MR.
      MIDDLEBROOK OR THE STATE, EXCEPT FOR THE TAPED STATEMENT ACCOMPANIED
      BY AN UNADORNED TRANSMITTAL LETTER. IF THE STATE IGNORES THIS ORDER
      AMD FAILS TO SUBMIT THE TAPE RECORDING, THE COURT WILL IMPOSE SANCTION
      ON ITS OWN INITIATIVE. OTHERWISE, THE COURT WILL DECIDE MR.
      MIDDLEBROOK'S MOTION AND ISSUE A FINAL ORDER WITHIN 90 DYS OF
      RECEIVING THE TAPED STATEMENT.
137   08/25/2004                                  SILVERMAN FRED S.
      LETTER FROM J. BARBER TO FSS
      I AM DEPUTY ASSIGNED TO THE ABOVE CASE IN WHICH YOUR HONOR REQUESTED
      THE TAPED STATEMENTS OF THE DEFT. I HAVE BEEN UNABLE TO LOCATE ANY
      SUCH TAPES IN THE POSSESSION OF THE STATE. I HAVE BEEN ADVISED BY THE
      EVIDENCE CUSTODIAN AT WILM. POLICE DEPT. THAT ALL EVIDENCE IN THIS
      CASE WAS DESTROYED IN FEBRUARY 2002. THER ARE NO EVIDENCE RECEIPTS
      DOCUMENTING EXACTLY WHAT WAS DESTROYED. ADDITIONALLY, THE CHIEF
      INVESTIGATING OFFICER IN THIS CASE DOES NOT POSSESS ANY TAPED
      STATEMENTS OF THE DEFT. I HAVE ASKED THE SUPERIOR COURT PROTHONOTARY
      IF THEY POSSESSED SUCH TAPES, AND I WAS ADVISED THAT NONE WERE ENTERED
      INTO EVIDENCE DURING THE TRIAL. I AM STILL SEARCHING FOR THE
      PROSECUTION FILE, AND RESPECTFULLY REQUEST AN ADDITIONAL 2 WEEKS IN
      ORDER TO CONDUCT A COMPLETE INVESTIGATION.
      **8/20/04 SO ORDERED BY JUDGE SILVERMAN
138   12/16/2004                                  SILVERMAN FRED S.
      ORDER: UPON DEFENDANT'S PRO SE MOTION FOR POSTCONVICTION RELIEF:DENIED
      FOR THE FOGOING REASONS, AFTER PRELIMINARY AND SUBSEQUENT
      CONSIDERATION, IT APPEARS FROM THE MOTION FOR POSTCONVICTION REIEF,
      THE RECORD OF PRIOR PROCEEDINGS AND THE TWICE EXPANDED RECORD THAT
      DEFENDANT IS NOT ENTITLED TO RELIEF AND DEFENDANT'S MOTION IS
      SUMMARILY DENIED. THE PROTHONOTARY SHALL NOTIFY DEFENDANT IF THIS
      DECISION.
      IT IS SO ORDERED.
139   01/26/2005
      LETTER FROM SUPREME COURT TO NIKERRAY MIDDLEBROOK

```
                  SUPERIOR COURT CRIMINAL DOCKET              Page   13
                     ( as of  01/13/2006 )

State of Delaware v.  NIKERRAY K MIDDLEBROOK              DOB: 07/04/1974
State's Atty: JOHN A BARBER , Esq.        AKA: NIKERRAY MIDDLEBROOK
Defense Atty: CAROLINE P AYRES , Esq.          NIKERRAY MIDDLEBROOK

      Event
No.   Date          Event                              Judge .
------------------------------------------------------------------------
      RE: NOTICE TO SHOW CAUSE.
140   02/04/2005
      LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
      RE: THE RECORD IS DUE TO BE FILED 02/25/05
      30, 2005
141   02/25/2005
      RECEIPT FROM SUPREME ACKNOWLEDGING RECORD.
      30, 2005
142   10/12/2005
      MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
      SUPREME COURT CASE NO: 30, 2005
      SUBMITTED: JULY 29,2005
      DECIDED: SEPTEMBER 21,2005
      BEFORE HOLLAND,JACOBS AND RIDGELY, JUSTICES.

            *** END OF DOCKET LISTING AS OF  01/13/2006 ***
                PRINTED BY: JAGREXM
```

$A-15$

Nikerray R. Middlebrook
1301 East 12ᵗʰ Street
M.P.C.J.F
Wilmington, DE 19809

Judge Silverman                                    July 25, 1997
Superior Court, N.C.C
Wilmington, DE 19801

RE: Criminal Action Nos. In 96-09-1119 thru 1122 and 1795 thru 1796

Dear Judge Silverman,                    (Copy)

On July 18, 1997, I was found guilty of the above Criminal
Action Numbers, after having been tried by a jury. I am submitting
this letter requesting to be sentenced on all charges
immediately following the Pre-Sentence Investigation.
My request is made in light of the fact that I want
to finish my "Education" and would like to get started as
soon as possible but I am told that I must first be
sentenced before I can be classified and put into the
position to start my Education. I was attending Delaware
Community College and just accepted a job at Tri-State Beverages.
I think it would be in my best interest if you check into this
case throughly and consider all the facts when sentencing. Your utmost
Consideration in this matter would be very much appriciated.
Thank You.

Very Truly Yours,
Nikerray R. Middlebrook

A-14

NIKERRAY MIDDLEBROOK
GANDER Hill PrISION
1301 E. 12th Street
Wilmington, DE 19809

THE HONORABLE FRED S. SILVERMAN,

I am writing to you to inform the Court Caroline P. Ayres is no longer my attorney. Since I was sentenced on June 27, 1998, no appeal has been filed on my behalf. Ms. Ayres did not file a timely appeal to the Supreme Court of the State of Delaware on account of a glaring mistake.

All I desire is for a chance to prove my innocence. I believe mistakes were made at trial that should be corrected. If I am denied a fair chance to appeal my conviction justice will truly be denied. In order to file my appeal I need the trial record.

While my incarciration is fortuitous, I have benefited substantially. I have been studying with the Jehovah Witness and taking time myself to examine the entire Bible. I have taken certificate corespondent courses in Real Estate and Paralegal. My thought process logic and morals has definet definitely changed for the best as a whole for the best. This is a benefit to myself as well as others. I take time out to reason with other(s) and explain the (more) positive qualities a sincere life will lead. All I ask of

Nikerray Middlebrook
Gander Hill Prision
Wilmington DE 19809

November 9, 1999

Judge Fred S. Silverman
Prothonotary Office
Daniel L. Herrmann Courthouse
1020 King Street
Wilmington, DE 9801

RE: STATE Y. NIKERRAY MIDDLEBROOK
    C.A. No. 9608015635

Dear Honorable Judge Silverman,
        I am writing this letter as a follow-up
to my Motion to ENTER AN ORDER Directing The
Preperation of Transcript, I would like to inquire
about the status of this motion.
        I would like to point out the fact that, my
appeal has been delayed for almost Seven-teen
months. I was recently represented by privately
retained Counsel, And, I was denied effective
representation by missing the date for filing a
direct appeal. I do not believe this Attorney has
my best intrest in mind, so I have set in motion
dismissal of my privately retained Counsel. I ask
in the intrest interest of justice, I be appointed
counsel. I pray you grant me favor.



RECEIVED

MAR 1 ?

JUDGE SILVERMAN'S OFFICE

Judicio room
1301 E. 12ᵗʰ Street
Wilmington, DE 19809

February 25, 2000

Honorable Fred S. Silverman
Prothonotary
Superior Court
1020 N. King Street
Wilmington, DE 19801

Dear Honorable Judge Fred S. Silverman,
          May you have undeserved kindness and
peace from my God the Father of the Lord Christ
Jesus. I thank God always when I pray for you.
          I am writing to you concerning my Pro
Se. motions (Motion ordering Transcripts, December 6, 1999 and Motion
for Counsel, December 8, 1999.). I was visited by James Bayard,
Jr at the prision on January 14, 2000. He explained to
me he was reappointed to my case. I am lost as
to who is the attorney of record in my case. I asked
Mr. Bayard during our conversation at the prision and
in a letter dated January 16, 2000 to forward a copy of
your order pertaining to the motions I filed. I like
to point out as of this date I have never seen the
documents. Please send me a copy or name the attorney
of record. Forward the order to me. Thank you

                              Very Truly Yours,
                              Nicheavay Muhklchat

TO: Honorable Fred Silverman

FROM: Nikerray Middlebrook

Date: April, 19, 2000

RE: ORDER Reappointing Public Defenders
Office

Dear Honorable FRED S. Silverman:

I am writing concerning the order reappointing the Public Defenders office. I had a meeting with James Bayard Jr. on January 14, 2000 concerning the matter of being assigned to represent me on my legal matter. I recieved a letter from Mr. Bayard after the meeting, but as of this date I have heard nothing from Mr. Bayard. Is he [Mr. Bayard] my Attorney?

As I have stated before I was unable to file an appeal on

account of Ms. Ayres (Attorney for Appeal)
was negligent and/or failed to file
timely direct appeal. I have never
recieved the transcript. I am
left with no way to challenge
my conviction and sentence.

I pray to you that if I am
represented by the Public Defenders
office, Please forward a copy of
your order reappointing the Public
Defenders office and have the
attorney meet with me promptly.
I truly believe [at My trial] the correction of AN "Error"
[nobody] made but hopefully it does not
exist all the time during the course
of a jury trial.

Very Truly
yours

A-19

TO.: Judge Silverman

FROM: Nikerray Middlebrook

Date: April 25, 2000

Dear Honorable Fred Silverman:

Once again I am writing to inquire into the order reappointing the Public Defenders office. I wrote to the Attorney who has not responded to my letters or visited with me to discuss the goals of my representation. Please shed some light on the situation, send me the order concerning the matter and inform me as to whether and/or who is my attorney for the purpose of obtaining an appeal,

who visted with me) As of Today it is Mr. Bayne has

A - 20

TO :   Honorable Fred S Silverman

FROM:  Nikerray Middlebrook
       SBI # 295569
       Gander Hill Prision



RECEIVED
MAY 24
JUDGE SILVERMAN'S OFFICE

Date :
       MAY 21, 2000

RE :   Attorney, James Bayard, Jr.
       9608015635

Dear Honorable Fred S. Silvermen :

On January 11, 2000, The Public Defender (James Bayard, Jr.) was reappointed to represent defendant (Nikerray Middlebrook). Unfortunately I have not heard from Mr. Bayard concerning my appeal. I have wrote numerous letters to Mr. Bayard.

I would appreciate your inquiring into the matter. I am deeply troubled by Mr. Bayard's non action in my case on account I previously had problems with his procrastination and filed a Motion To Dismiss Counsel on October 14, 1997. Please appoint me another attorney.

Very Truly Yours
Nikerray Middlebrook

A-21

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

THE STATE OF DELAWARE,
     PETITIONER

         ID NO. 9608015635

VS.

   NIKERRAY MIDDLEBROOK,
       DEFENDENT

## NOTICE OF MOTION

TO :

PLEASE TAKE NOTICE that the within Motion
To Dismiss will be presented to the Honorable Court
as soon as Counsel may be heard.

DATED :
                        Nikerray Middlebrook

A-22

IN AND FOR NEW CASTLE COUNTY

THE STATE OF DELAWARE,

   Plaintiff.

  VS.

   Nikerray Middlebrook,

    Defendant.

ID. NO. 9608015635

## MOTION TO DISMISS

  COMES NOW, the Defendant, Nikerray Middlebrook, by and through his undersigned Counsel, _____, and hereby request that this Honorable Court, pursuant to Superior Court Criminal Rule 48(b), Dismiss prosecution for unneccessary delay There has been an unreasonable delay in violation of the first sentence of Criminal Rule 32(a), which warrants the sanction of dismissal.

### FACTS

1. On September 5, 1991 I (Nikerray middlebrook) was scheduled to be sentence on conviction of

Attempted Murder, Lesser Included Offense of Assault 1 st two counts of Possession of Firearm During Commission of Felony and Possession of Firearm By Person Prohibited.

2. The Sentence Hearing was postponed by prosecutor, for the reason of delaying imposition of Sentence until outcome of open charge.

3. The Sentence Hearing was continued numerous times because of this delay : November 7, 1997 - Sentencing continue to hire private Attorney.

November 7, 1997 -

Sentencing continue to hire private Attorney.

Febuary 27, 1998 -

Sentencing Continue.

March 27, 1998 -

Sentencing Continue. Defense Attorney Not Available.

ARGUMENT

THe prosecution of Defendant Middlebrook must be Dismissed since Delay IN completing Prosecution Amounts To An UNCONSTITIONAL Deprivation of Rights. THE DELAY WAS Purposeful.

4. IN order to successfully attack the "without unreasonable delay" provision of Criminal Rule 32(a) and the Sixth Amendment of the U.S. Constitution,

Along with the fifth Amendment violation of DUE PROCESS, a Defendant must prove that the delay was purposeful, AND OPPRESIVE Pollard V. UNITED STATES, 77 S.ct. 481 (1957); Common Wealth V. Stewart, Pa Super, 221 Pa Super 1. 289 A.2d 126 (1972). The Court weighs the particular circumstances of the delay. A unreasonable delay in Sentencing is a violation of Due Process, also a delay in Sentencing which is unreasonable violates Rule 32(a). The delay must not be purposeful or oppressive. Pollard V. US., (Supra.)

Do Not Need

5. However, no valid reason for delay existed; it was exclusively for the Convenience of the State. Deliberate State delay in the hope of obtaining an advantage over the accused is not unknown, IN Such circumstances the fair administration of Criminal justice is endanger; The Speedy Trial Clause then serves the public interest by penalizing official lawlessness. See, e.g. U.S. V. Provoo, 17 F.R.P. 183 (D.C. Md), aff'd percuriam, 350 U.S. 857, 76 S.ct. 101, 100 LED. 761 (1955) The government to prosecute, Not persecute, those whom it accuses of crime

Do No Need

6. The principles of procedural fairness required by the Due Process Clause of the fourteenth Amendment and fifth

Do Not Need

A-25

not by a Fourteenth Amendment the "Speedy Trial" provision of the Sixth Amendment. In

Klopfer Vs. N.C., 386 U.S. 213, 87, S.Ct. 988, 18 L.Ed. 2d 1 (1967), The

Court held that the Sixth Amendment standards governing Speedy trial are made obligatory on the States by the Fourteenth Amendment Due Process Clause. My Sentence was unconstitutionally delayed under the test of due process. See, e.g. Beasley V. Pitchess, 358, F. 2d. 706 (C.A. 2d. Cir. 1963). The delay must be diliberately caused by the Government, U.S. V. EWELL, 383 U.S. 116, 86, Sct 773 15 L.Ed. 2d. 627 (1966). If the Slates delay is deliberate, intended to harm the accused, it strikes at the fairness of our Criminal process, it however constitutes abuse of the Criminal process and lessens the deterrent value of any conviction obtained. Thus for the Clause to be fully realized, it must apply to any delay in the Criminal process that occurs after the State decides to prosecute and has sufficient evidence for arrest or indictment.

7. The Court can assume that the interval between judgement and sentencing is governed by the

sixth Amendment Clause., Welsh v. U.S. 348 F.2d. 885 (C.A. 6th Cir 1965).

The Sixth Amendment U.S.C.A. provides in pertinent part: "In all criminal prosecutions the accused shall be entitled to a speedy and public trial". The right to a speed trial is necessarily relative. It is consistent with delays and depends upon circumstances. (It) secures rights to the defendant, [The 6th Amend.] It does not preclude the rights of public justice, Beaveas V Haubert, 198. U.S. At 87, (25 S.ct. at) 576. The essential ingredient of the 6th Amend is "Orderly expedition and not mere speed." Smith V. U.S., 360 U.S. 1, 10, (79 S.ct. 991) 997, 3 L.Ed. 2d 1041 (1959). In the judging reasonableness of a particular delay (1) The Source of delay; (2) The Reasons for it; (3) and whether the delay prejudiced interest protected by the Speedy Trial Clause.

9. On September 5, 1997 the sentencing delay cannot be held as a waiver of my rights (because of Attorneys, failure to object when fundamental rights are at stake,

waiver is defined as an intentional relinquishment or abandonment of a know right or privilege". The Courts should indulge every reasonable presumption against "waiver" Aetna Ins. Co. v. Kennedy to use Bagash, 301 U.S. 389, 393, 57 S.ct. 805, 812, 81, L.Ed. 1177 (1937) and the should not " presume agreement or consent in the loss of fundamentals rights". OHIO BELL TEL. Co. v. Public Utilities Comm, 301, U.S. 292, 307, 57, S.ct. 724, 731, 81, L.Ed. 1093 (1937). The rights to a Speedy trial is as fundamental as an of the rights secured by the Sixth Amendment. Klopfer, Supra, 386 U.S. at 223, 87 S.ct. et 993. It is the duty of the prosecutor, not only to prosecute those charged with a crime but also to observe the constitutional mandate guaranteeing a speedy trial. IS the prosector fails to do so, the defendant cannot be held to have waived his constitutional right to a speedy trial., U.S v. Dillon 183 F. Supp. 541, 543, (1960) Thus if

A-28

always rest with one or another governmet the delay of responsibility for it will authority. Marshal V. U.S. 199 U.S. App. D.C. 83, 337 F. 2d. 119 (1964).

10. In this case at bar the Court has caused defendant prejudice in the delay, the State has delayed in clear bad faith. There is no way of proving the prejudice to defendant which occurs outside the Courtroom * * * (1) The Public Supicion; (2) The Severing of family and Social ties; (3) And The Personal "anxiety". The Right to a speedy Trial, 57, Col. L. REV. 864. It seems inherent In prosecutorial delay is "potential substantial prejudice". U.S. v Wade 388 U.S. 218, 227, 87 S.Ct., 1926, 1932 18 L. Ed. 2d. 1149 (1967), to the interest protected by the Speedy Trial Clause. It is likely that generalized standards would have to be developed to indicate when during the course of delay there arises a probability of " substanial prejudice". Once however delay exceeds that point, prejudice would cease to be an issue. The Defendant thus has made out a prima

facie case of denial of Speedy Trial (1, showing that the prosecution was delayed beyond the point at which a probability of prejudice arouse and that the alleging defendant was not responsible for the delay and by alleging the State might have reasonably have avioded the delay. Therefore the Showing of Prejudice is not required when a criminal defendant is asserting a Constitutional right under the Sixth Amendment, U.S. V. hestman. 258, F. 2d 475, 477, 478 (C.A. 2d cir. 1958).

THE Def,

11. Mr. middlebrook has clearly shown a deliberate attempt by the State to use delay to harm the defendant or state delay that is purposeful is unjustifiable. Pollard V. U.S., Supra. 352 U.S. at 361, 77 S. Ct. at 485. The same may be true of any state delay that is unneccessary, whether intentional or negligent in orgin. It has been held that negligent delay violates the Speedy Trial Clouse, Hanrahan V. U.S. 121 U.S. App. D.C. 134, 139, 348 F. 2d 363, 358 (1965). This is a deliberate misuse of the Criminal process by public officials. The crucial question may be whether the delay might reasonably have been avoided — whether it was unneccessary; on the other hand, the essential importance of the reason for the delay, and on the other hand the length of delay and its potential for prejudice

A-30

Almost Any delay Could be reasonably avoided.
Similary, lengthy delay, even in the interest of
realizing an important objective, would be
suspect.

WHEREFORE, DEFENDANT, Nikerray Middlebrook
respectfully request that this Honorable
Court dismiss Prosecution in violation of
Defendants Middlebrook rights to a Speedy
trial and DUE Process of Law under State
and Federal Constitution.

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,

      Plaintiff,

               ID No.

VS.

  Nikerray Middlebrook,

      DEFENDANT

ORDER

AND NOW, TO WIT, this    day of June, 1998,
the foregoing Motion to Dismiss having been
duly heard and considered by the Court;

    IT IS HEREBY ORDERED;

      That Defendant Nikerray Middlebrook
      Motion to Dismiss is granted

A-32

Page 1

```
 1        IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
 2            IN AND FOR NEW CASTLE COUNTY
 3   STATE OF DELAWARE,      )
                             )
 4        vs.                )   IN96-09-1119 thru 1122
                             )   and 1795
 5   NIKERRAY K. MIDDLEBROOK, )
                             )   Sentencing -
 6        Defendant.         )   June 12, 1998
 7
 8               - - - - -
 9   BEFORE:      HON. FRED S. SILVERMAN
10               - - - - -
11
12   APPEARANCES:
13          ROBERT H. SURLES
            Deputy Attorney General
14          On behalf of the state.
15          CAROLYN AYRES
            Attorney at Law
16          On behalf of the defendant.
17
18               - - - - -
        TRANSCRIPT OF PROCEEDINGS OF
19            June 12, 1998
                 - - - - -
20
21
            BETTY J. GLEASON
22       C O U R T   R E P O R T E R
             P. O. Box 888
23        Clayton, Delaware  19809
```

Page 2

```
 1               June 12, 1998
 2              Courtroom No. 202
 3              1:28 o'clock p.m.
 4   PRESENT:
 5        As noted.
 6        MR. WALLACE: Your honor, if I could turn
 7   to item twelve, Mr. Nikerray Middlebrook.
 8        Mr. Surles and Miss Ayres.
 9        MS. AYRES: Good afternoon, your honor.
10        While I was not the trial attorney in this
11   case, Mr. Middlebrook has asked me to say a few words
12   on his behalf to show that there are some positive
13   aspects to him.
14        He and I both realize he's facing very
15   substantial time because of the seriousness of the
16   charges, including the attempted murder charge.
17   However, we ask the court to note that Mr. Middlebrook
18   still maintains his innocence.
19        He, in fact, has also, for technical
20   reasons, has or I understand today did not file a
21   motion to dismiss, but he does wish the court to
22   consider a motion to dismiss. And ethically I feel
23   like I have to present a written motion that he signed
```

Page 3

```
 1   today. I've shown a copy to opposing counsel and wish
 2   to present it to the court at this time.
 3        THE COURT: Thank you.
 4        MS. AYRES: From what I gather, the
 5   substance of the motion to dismiss is because of the
 6   delay in his actual sentencing and what he believes is
 7   maneuvering on the part of the state. However, I also
 8   have to tell the court that the last continuance was a
 9   result of my health condition. Keeping this in mind,
10   I don't know how -- if your honor wishes to read --
11   wishes to review what Mr. Middlebrook has written or
12   you wish me to continue making a statement.
13        THE COURT: Proceed. Thank you.
14        MS. AYRES: Mr. Middlebrook is a very
15   intelligent person. He graduated from high school.
16   He attended Delaware State University for a year and a
17   half. His goal was to become an accountant, and it
18   still is.
19        When he got in trouble the first time
20   around he had to withdraw from school, but then he
21   picked up and went back to school and went to Delaware
22   Technical Institute and there he again took up
23   accounting courses. He wanted to continue in that
```

Page 4

```
 1   course until again he was caught in what he believes
 2   to be the wrong place at the wrong time and what he
 3   believes he's also being framed for the situation at
 4   hand.
 5        He -- while I was not at the trial, he has
 6   asked me to ask the court to consider inconsistencies
 7   that were made at trial by the witnesses. The one
 8   witness saying at one point that he did not see Mr.
 9   Middlebrook's entire face and at another point I think
10   saying that she did. We ask that the court look at
11   all these factors and look at the fact that he did
12   have an alibi witness who took the stand and said that
13   Mr. Middlebrook was not in the area at the time of the
14   crime.
15        While I know your honor has given your
16   blessing for the verdicts in this case, Mr.
17   Middlebrook feels that this has to be restated because
18   he feels that he was not fairly represented by his
19   attorney below. And he wishes to assert that his
20   Sixth Amendment right was violated in the trial
21   process as well as the scheduling of the sentencing at
22   hand.
23        And he wishes to make this again, not in
```

A- 33

Page 5

1  any disrespect to the court, but for matters of record
2  and the appeal purposes.
3          What is Mr. Middlebrook doing now?
4          He is considered a model prisoner. He's
5  what they call a tier man at Gander Hill. He is a
6  significant help with the food service program. Any
7  course that's available, he takes it. He, in fact,
8  has taken most of the correspondence, paralegal type
9  courses at the prison. He's completing them right
10 now.
11         Also, your honor, I have numerous letters
12 that I've also showed opposing counsel that I wish to
13 present to the court at this time.
14         THE COURT: Thank you.
15         · MS. AYRES: These letters are from people
16 that have known Mr. Middlebrook before, after and
17 during the time of the alleged troubles that have
18 brought him here today. You'll see statements from
19 people like Mr. Sullivan, Miss Daniels, that say that,
20 you know, they were unaware that he had any type of
21 temper problem. That, as far as they're concerned,
22 that he was always a good mannered person, respectful
23 to his elders and just overall a hard worker,

Page 6

1  intelligent person.
2          While -- if the court will indulge me
3  further, we do have two people here besides Mr.
4  Middlebrook that wish to speak, his grandmother, Mabel
5  Lee, who was a big help in raising him, as well as
6  another person, I believe, who's here, Mr. Stockman,
7  who wishes to speak as well. And they will tell you
8  and reiterate what are in the letters that your honor
9  is reviewing right now.
10         As far as his record -- and this is not the
11 first time he's been in trouble. He has had an
12 assault charge before. He has had a charge of
13 receiving stolen goods, those types of charges.
14 However, he was trying to turn his life around, your
15 honor, by going to school, being an accountant.
16         And he asks the court to still have mercy
17 on him.
18         While I understand that your honor can
19 sentence him up to life imprisonment for the attempted
20 murder charge, that there are positive things and that
21 he does have goals in life. He has shown attempts to
22 reach those goals by entering the programs at the
23 prison, having previously gone to college.

Page 7

1          And also from the letters that people that
2  have known him for longer than this court has known
3  him stating what positive things there are about Mr.
4  Middlebrook.
5          And keeping that in mind, your honor, I
6  know the court is very busy at this point and I don't
7  -- know there's limitations on the amount of
8  witnesses, but I do have two in addition to Mr.
9  Middlebrook and I don't know how the court wishes to
10 proceed.
11         THE COURT: The court has a standard
12 approach to sentencings. We will hear from the next
13 of kin to a victim or the victim in certain
14 sentencings. We have a standard practice that we do
15 not hear from other people during sentencing hearings
16 besides counsel, and I'm going to stand by that
17 standard practice.
18         MS. AYRES: I understand, your honor, and
19 for the record I do take exception to it because we do
20 have people here to attest to the positive nature of
21 Mr. Middlebrook. With this in mind --
22         THE COURT: Let me interrupt you for a
23 moment so that we can make the record complete.

Page 8

1          Has anyone on behalf of the court done
2  anything to preclude those people from making their
3  feelings known through written submissions to the
4  court?
5          MS. AYRES: None, other than I guess my
6  representation that I would try to get them to speak
7  today and that may be why -- one of reasons why it's
8  not in writing.
9          THE COURT: Very well. If they would like
10 to submit something after sentencing, and there is a
11 basis in the things they submit to reconsider
12 sentencing, then I certainly will do that. But
13 meanwhile, the court will not depart from its standard
14 practice of not hearing live witnesses at sentencing
15 hearings.
16         MS. AYRES: Thank you, your honor.
17         At this point then if the court would like
18 to hear from Mr. Middlebrook --
19         THE COURT: That's fine. Thank you.
20         MR. MIDDLEBROOK: Your honor, I stand here
21 before you today to address the court and speak with
22 no disrespect.
23         I'm an innocent man, and I did not commit

Page 9

1 the crime.

2        For almost two years I've lived my life in
3 mortal agony. And no one could understand the anguish
4 of disparity that I've been caused by the system we
5 rely on which is fallible.

6        I was given a public defender, Mr. James
7 Bayard, whose incompetency and his representation of
8 me was invariably egregious. My total trial was a
9 farce. I do not see how the court could consider this
10 a fair trial.

11        I'm entitled to a trial with my interests
12 vigorously and consistency advocated by an able
13 lawyer. I'm not a lawyer. And because Mr. Bayard
14 owed me a duty, I did not have a fair chance to --
15 against my adversary.

16        I've been taken away from my family. This
17 has caused them so much pain and suffering.

18        My grandmother's a woman who helped raise
19 me, along with my mother. The whole situation has
20 taken years off of her life.

21        Because of the prosecution's unwillingness
22 to seek other truths and find justice in this case
23 I've lost friends. I've been taken away from my other

Page 10

1 family members. I have experienced deaths when
2 incarcerated in prison. Something you probably
3 couldn't understand, that feeling to be behind walls
4 and the suffering that the death of a loved one that
5 you love very dearly.

6        I'm sure you realize there is a social
7 disadvantage of lengthy incarceration. The time can
8 have a very detrimental impact on the individual.
9 I've lost my job. I have disrupted my family life
10 while I sit in jail in idleness. Most jails offer
11 little or no recreation or rehabilitation programs.
12 The time I spend in jail is simply dead time.

13        Through it all I tried to keep myself from
14 falling behind in society. I've taken correspondence
15 courses that I've been struggling to afford. I never
16 spent my life there sitting around doing nothing, your
17 honor.

18        As my lawyer has just told you, I attended
19 Delaware State University. I was also a student at
20 Del. Tech. University.

21        I'm not the monster or the beast the
22 prosecutor, Mr. Surles, has tried to make me out to
23 be.

Page 11

1        Most people that come in contact with me
2 can never speak a bad word about me. I'm very
3 considerate, caring, loving. I never been very
4 disrespectful at all.

5        My life is -- my life has been destroyed by
6 two victims, a drug dealer and a perfidious informant,
7 who would do anything to keep from coming to jail.

8        It seems that this system is aimed at
9 seeking to vindicate divine justice and allowing evil
10 to exist. And Mr. Surles is well aware of both
11 victims, but still pursued the matter.

12        Mr. Bayard agreed to continue my sentence
13 on September 5th, 1996, along with Mr. Surles, which
14 led to a nine month delay. And I know that it seems
15 by the guidelines I'm supposed to get mandatory time,
16 your honor, and I know that you already had perceived
17 knowledge about which sentence might have been given,
18 but I -- I'm walking with God on this one, and he's
19 working my legal case and I -- God has given me the
20 strength to endure the bondage that will be placed on
21 me today. And I know he'll continue to bring me
22 through the servitude that will be given to me today
23 and I will not lose. And I think that this will not

Page 12

1 last very long.

2        And thank you, your honor.

3        THE COURT: Thank you.

4        Will the state be heard?

5        MR. SURLES: Yes, your honor.

6        You were the presiding judge at the trial.
7 You know the facts. The jury found him guilty of
8 shooting two men in the back that fled from him. The
9 facts were pretty clear, and I'd say the jury came up
10 with the right decision. You saw to it that it was a
11 fair trial and that he had adequate representation for
12 whatever defenses he could come up with.

13        As to his priors, the assault third in '93
14 was a foreshadowing of things to come. '95 while a
15 student at Delaware State, a stabbing, which gets him
16 assault first.

17        He stands here today facing twenty-one
18 years minimum, but there's nothing about him that asks
19 for a minimum sentence.

20        He has a pending attempted murder for
21 standing over a man and shooting him in the chest.
22 He's had no prejudice whatsoever in the delay of
23 sentencing, but -- he has to get at least twenty-one

Page 13

1  years, but there's nothing that calls for only
2  twenty-one years about that man.
3      The state doesn't ask for a number, but
4  notes that if he had no priors, never stabbed anyone
5  before, if he didn't have a pending assault second,
6  and pending attempted murder, twenty-one years would
7  be a sentence. Based on that the state thinks it has
8  to be more than twenty-one years.
9      THE COURT: Let me stop you for a moment so
10 that I'm clear on this.
11     Had defendant been sentenced earlier, the
12 one benefit that he might have received, if you want
13 to call it a benefit, is that his appeal could have
14 been filed sooner. The delay, if you will, in
15 sentencing has not meant that the defendant has served
16 one extra day in prison.
17     Is that correct, Mr. Surles?
18     MR. SURLES: Correct.
19     THE COURT: And, in fact, even if the court
20 had dismissed these charges at any time between the
21 verdict and today, my understanding is that he would
22 have been held in custody in connection with another
23 charge that is pending. Is that correct?

Page 14

1      MR. SURLES: That is correct.
2      MR. MIDDLEBROOK: Your honor, may I speak
3  on the other charges?
4      This case is twenty-one months old and it's
5  been set for trial numerous times, your honor.
6      THE COURT: Well, I appreciate what you're
7  saying. I think you did not understand, or at least
8  you are not appreciating the point that's being made
9  about that.
10     Those charges could be entirely bogus, the
11 state could be conspiring in the most unlawful way to
12 pursue those charges against you or any other bad
13 thing you want to say about those other changes, but
14 the court — court's point is that those charges are
15 pending and you're being held on those charges. So
16 even if this case fell apart and even if those charges
17 are bogus, you would still be held in prison. And so
18 you've not served any time waiting for sentencing in
19 this case because of the delay that has been between
20 the time of the jury's verdict and the sentencing.
21 And that's the factual issue that I was trying to get
22 at.
23     Of course, I'm not accepting or making any

Page 15

1  finding with respect to the other charges. I'm just
2  simply saying that as long as they're out there,
3  they're an impediment to your being released. And I'm
4  not going to get into why those cases have not gone to
5  trial so far.
6      Anyway, I think the best thing to do with
7  respect to the motion that's filed contesting the
8  delay between the trial and sentencing is to dispose
9  of it now so that it does not stand in the way of the
10 appeal.
11     As much as I'm not partial to dealing with
12 motion practice at sentencings, I think this motion is
13 sufficiently lacking in merit that I can do it without
14 being unfair.
15     I've already indicated facts that militate
16 against the motion, but the idea that the court is
17 going to dismiss charges — an attempted murder first
18 degree charge and assault first degree charge,
19 firearms charge, and/or related offenses because the
20 verdict came back in July and sentencing is now the
21 following June is incorrect. There is no prejudice.
22 There's no evidence other than conclusions, which are
23 not evidence, that the state has maneuvered

Page 16

1  improperly.
2      One of the delays, at least in this case,
3  was occasioned by a request by defense counsel for
4  delay. I think other delays were occasioned in part
5  because of getting defense counsel beyond trial
6  counsel to handle sentencing. So I think that the
7  delay is not entirely attributable to anyone, at least —
8  in part, beside the defendant.
9      And finally, the court observes, but only
10 in passing, that defendant's represented by counsel.
11 So this motion was out of order in the first place,
12 but I have addressed it substantively anyway in order
13 to get beyond that.
14     Now, as to sentencing, on IN ninety-six
15 dash oh nine dash one one one nine, it's the sentence
16 of the court that effective September 11, 1996,
17 defendant is to pay the costs of prosecution, be
18 imprisoned for twenty-five years at level five. First
19 fifteen years are minimum under the statute.
20     As to IN ninety-six dash oh nine dash one
21 one two zero, it is the sentence of the court,
22 consecutive to the prior sentence, you be imprisoned
23 for two years at level five.

Page 17

1    As to IN ninety-six dash oh nine dash one
2  one two one, it's the sentence of the court,
3  consecutive to the prior sentence, you be imprisoned
4  for five years at level five.
5    IN ninety-six dash oh nine dash one one two
6  two, it's the sentence of the court, consecutive to
7  the prior sentence, you be imprisoned for five years
8  at level five.
9    IN ninety-six dash oh nine dash one seven
10  nine five, it's the sentence of the court that you,
11  consecutive to the prior sentence, be imprisoned for
12  one year at level five suspended for one year at level
13  two probation.
14            * * * * * *
15
16
17    ·
18
19
20
21
22       ·
23

Page 18

1            CERTIFICATE OF REPORTER
2
3
4        I, Betty J. Gleason, Official Court
5  Reporter of the Superior Court, State of Delaware, do
6  hereby certify that the foregoing is an accurate
7  transcript of the proceedings had, as reported by me,
8  in the Superior Court of the State of Delaware, in and
9  for New Castle County, in the case herein stated, as
10  the same remains of record in the office of the
11  Prothonotary at Wilmington, Delaware.
12        WITNESS my hand at Smyrna, Delaware, this
13  18th day of September, A.D., 2000.
14
15
16
17
18
19  _____
    Betty J. Gleason
20  Official Court Reporter
21
22
23

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR _ _ _                                    COUNTY

| | |
|---|---|
| STATE OF DELAWARE )<br><br>v )<br>)<br>__NIKERRAY MIDDLEBROOK__ )<br>Name of Movant on Indictment )<br>)<br>__NIKERRAY MIDDLEBROOK__ )<br>Correct Full Name of Movant ) | No. _____<br>(to be supplied by Prothonotary) |

## MOTION FOR POSTCONVICTION RELIEF

### INSTRUCTIONS

(1)     This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury.

(2)     All grounds for relief and supporting facts must be included, and all questions must be answered briefly in the proper space on the form.

(3)     Additional pages are not permitted. If more room is needed, use the reverse side of the sheet.

(4)     No citation of authorities is required. If legal arguments are submitted, this should be done in a separate memorandum.

(5)     Only convictions that were included in the same plea agreement or were tried together may be challenged in a single motion.

(6)     When the motion is completed, the original must be mailed to the Prothonotary in the county in which the judgment of conviction was entered. No fee is required.

(7)     The motion will be accepted if it conforms to these instructions. Otherwise, it will be returned with a notation as to the deficiency.

### MOTION

1.     County in which you were convicted   __NEW CASTLE__

2.     Judge who imposed sentence   __HONORABLE FRED S. SILVERMAN__

3.     Date sentence was imposed   __JUNE 12, 1998__

4.     Offense(s) for which you were sentenced and length of sentence (s)
__ATTEMPTED MURDER 1ST - 25 YEARS, ASSAULT 1ST - 2 YEARS POSSESSION__
__OF A          - 5 YEARS, POSSESSION OF A FIREARM DURING COMMISSION__
__OF A FELONY - 5 YEARS, And Possession of a Deadly weapon - 2 years Possession of__

5   Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?
Yes ( ✓ )    No (    )
If your answer is "yes," give the following information
    Name and location of court(s) which imposed the other sentence(s)
    SUPERIOR COURT , NEW CASTLE COUNTY

    Date sentence(s) imposed: _____ MAY 26, 2000 _____
    Length of sentence(s) _____ 38 YEARS _____

6   What was the basis for the judgment(s) of conviction? (Check one)
        Plea of guilty (    )
        Plea of guilty without admission of guilt ("Robinson plea") (    )
        Plea of nolo contendere (    )
        Verdict of jury ( ✓ )
        Finding of judge (nonjury trial) (    )

7.  Judge who accepted plea or presided at trial _HONORABLE FRE S. SILVERMAN_

8.  Did you take the witness stand and testify? (Check one)
    No trial ( · )    Yes (    )    No ( ✓ )

9.  Did you appeal from the judgment of conviction?  Yes (    )    No ( ✓ )    ·
    If your answer is "yes," give the following information:
        Case number of appeal _____
        Date of court's final order or opinion _____

10. Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court? Yes ( ✓ ) No (    )
    How many? (    )
    If your answer is "yes," give the following information as to each:
        Nature of proceeding(s) _NEW TRIAL MOTION AND MOTION TO DISMISS COUNSE_
        Grounds raised _INEFFECTIVE ASSISTANCE OF COUNSEL AND_
        _NEWLY DISCOVERED EVIDENCE_
        _____
        _____
        _____

        Was there an evidentiary hearing? _NO_
        Case number of proceeding(s) _____ N/A
        Date(s) of court's final order(s) or opinion(s) _NOVEMBER 17, 1999_
        Did you appeal the result(s)? _____ NO

11  Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment(s) under attack in this motion:
        At plea of guilty or trial _JAMES BAYARD Jr., ESQUIRE_
        On appeal _CAROLINE P. AYRES, ESQUIRE_
        In any postconviction proceeding _____ NONE

A-59

12.    State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim.  For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here):  double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

Ground one: **DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL**
Supporting facts (state the facts briefly without citing cases):
**(1) DEFENSE COUNSEL (CAROLINE P. AYRES, Esquire) WAS INEFFECTIVE FOR FAILING TO FILE TIMELY DIRECT APPEAL ON DEFENDANT'S BEHALF.**

Ground two: **DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL**
Supporting facts (state the facts briefly without citing cases):
**(1) DEFENSE COUNSEL, (JAMES BAYARD Jr., Esquire) WAS INEFFECTIVE FOR FAILING TO PERFECT APPEAL - POST CONVICTION RELIEF.**

Ground three: **DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL**
Supporting facts (state the facts briefly without citing cases):
**(1) TRIAL COUNSEL, (JAMES BAYARD Jr., Esquire) WAS INEFFECTIVE for failing TO REQUEST A DNA TEST DURING AND/OR BEFORE TRIAL ON EVIDENCE.**

**DEFENDANT ASK COURT TO ORDER DNA TEST.**
Supporting facts (state the facts briefly without citing cases):
**(1) DEFENDANT request TO MOVE THE COURT FOR FUNDS TO HAVE SCIENTIFIC ANALYSIS (DNA TEST) DONE ON EVIDENCE IN THE OF INTEREST OF JUSTICE.**

Wherefore, movant asks that the court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of attorney (if any)

I declare the truth of the above under penalty of perjury.

_____                 *Tilbury K. Middlebrook*
Date signed                                      Signature of Movant
                                                 (Notarization not required)

A-40

3

## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)
v. ) ID #: 9608015635
)
NIKERRAY MIDDLEBROOK, )
)
Defendant. )

### ORDER

At this point, it is obvious that considerable confusion surrounds Defendant's original sentencing and the events immediately following it. In short, Defendant, in effect, had two attorneys, one court-appointed and one privately retained. It is unclear as to which attorney was responsible for filing Defendant's appeal.

In order to clear up the confusion and to protect Defendant's rights, the sentence originally imposed on June 12, 1998 is reimposed, in its entirety, as of today. The public defender is reappointed to represent Defendant for all purposed, including the timely filing of an appeal from Defendant's conviction and the reimposed sentence.

IT IS SO ORDERED.

August 21, 2000

Date                                    Judge

oc: Prothonotary
pc: James Bayard, Esquire
    Caroline P. Ayres, Esquire
    Loren Meyers, Deputy Attorney General
    Robert Surles, Deputy Attorney General
    Nikerray Middlebrook

A - 41

MARCH 8, 1998

Dear Mrs. Ayres,

    I am writing you once again to ask about your thoughts on what I have read in this case, "State v. Cunningham, Del. Super., 405 A.2d 706." The court dismissed prosecution under Criminal Rule 48(b) because of unnecessary delay. Mrs. Ayres the "without unnecessary delay provision of Criminal Rule 32(a) means, when the Court convicts a person of a crime the determination by the Court to punish that convicted person, must occur to establish with avoidance of needless delay. (The significant factor of my delay is that there was no valid reason for the Court to delay sentencing on September 5, 1997 until I was taken to trial on an unrelated offense.) Also Criminal Rule 32(a) states, "When there is a factor important to the sentencing determination that is not capable of being resolved, postpone the imposition of sentence for a reasonable time until the factor is capable of being resolved." Now the factor to be resolved is wheather the Court in postponing the sentencing until I was taken to trial on an unrelated offense violated my Due Process Rights. In scope of the above the Court has denied me the right to a fast and speedy trial as well as my right to a timely Appeal. The most important fact is that the period of time for which something is delayed must in no manner be resolutely aiming at a specific goal, purposeful.

THE LAW OFFICES OF

# CAROLINE PATRICIA AYRES

ATTORNEY & COUNSELOR AT LAW

Jnauary 22,1999

**CAROLINE PATRICIA AYRES**
Admitted to Delaware, Maryland,
District of Columbia, Virginia, and
United States Supreme Court Bars
Only

OF COUNSEL
**JOHN R. HINER JR.**
Admitted in Delaware and California
Only

OF COUNSEL
**MONTEE WYNN**
Admitted to Pennsylvania, New Jersey,
and District of Columbia Bars Only

OF COUNSEL
**ALERO SMITH-KIDD**
Admitted to Nigerian Bar and
Solicitor in England Only

**TELEPHONE (302) 655-1300**
**FAX (302) 655-3032**
**TOLL FREE 1-800-67 AYRES**

**WILMINGTON OFFICE:**
503 WEST NINTH STREET
POST OFFICE BOX 85
WILMINGTON, DELAWARE 19899

**DOVER OFFICE:**
375 WEST NINTH STREET
DOVER, DELAWARE 19901
TELEPHONE (302) 735-5590
FAX (302) 735-5592

**VIRGINIA OFFICE:**
650 TRENTS MILL ROAD
POST OFFICE BOX 907
DILLWYN, VIRGINIA 23936

Nikkery Middlebrook
Gander Hill Prison
Wilmington, Delaware 19801

Re:  State v. Middlebrook

Dear Mr. Middlebrook:

          This is to inform you that your renewed Motion for
a New Trial has been denied. For whatever reason, I  never
received a copy of this decision in the mail, and had to ask
the Court for a copy. Consequently, the thirty day time for a
normal appeal time has run. Therefore, in order to pursue all
of your appeal rights, despite the late receipt of this
decision, we must do so through a postconviction motion. (See
attached case law) I have placed an order for your
transcript, so that we can now pursue all of the issues we
deem appropriate.
          I have made Judge Siverman's Office aware that I
did not receive a copy of his Order until recently, and was
told that I should state these facts in a cover letter, with
a copy of the Postconviction Motion.
          If you have any additional questions, please do
not hesitate to contact me.

                              Very truly yours,

                              Caroline Patricia Ayres

CPA/midd117.doc
cc:  middni.01
     Enclosure:Court Order

A - 43

TO: Mr. Bayard

FROM: Nikerray Middlebrook

Date: March 29, 2000


RE: State v. Nikerray Middlebrook


Dear Mr. Bayard:

I am concerned on account I have not spoke with you for sometime. I am sure you recieved the letter forwarded to you from the office of Disciplinary Counsel.

I would like you to send my entire file and I want you to explain the general strategy and your outlook of sucess in the case. I want to have sufficient information, so I can take a intelligent part in the decisions concerning the goal of my representation and the method of accomplishing what I want.

I believe you have a duty to act in my best interest and my total demand as to the position of handling my case.

I would appreciate a prompt response in order that we might proceed without delay.

Very Truly Yours

Nikerray Middlebrook

P.S. I Also look forward to you mailing the judges order reappointing the public Defenders office. And I have a positive outlook You will meet with me to discuss my motion for transcripts.

Exhibit D

TO: Mr. Bayard
FROM: Nikerray Middlebrook
    RE: Rule 61 motion          Date: 5/24/00

Dear Mr. Bayard:
        I am deeply troubled by the fact no Rule 61
motion has been filed, you were reappointed by
Honorable Fred S. Silverman on January 11, 2000 to handle
the situation. Also I expressed to you at our meeting
on January 14, 2000 I want us to review all documents
before being filed to the court. I desire for a filing
deadline in the matter [Filing of Rule 61 motion].
        .       I would like to share some information
I have come accross lately, I read an article in
the News Journal, [Senate Approves DNA evidence bill
S.S. 1 for S.B. 329 (Winslow)]. The article caught
my attention on the fact convicted criminals who believe
DNA Evidence could exonerate them would have 3 years
from time the final judgement is entered to ask
Court to order DNA Test. I feel we need to discuss
this matter between ourselves and consider making
the request to the Court.
        Also I have found cases which involved
the matter where counsel failed to docket an appeal,
sentence was vacated and the individual was
resentenced. [Bobby Price v. State and Brown v.
State, Del Supr, No. 350, 1983 Herrmann, C.J. (oct. 23, 1987)
(order) I seriously think you should review each
case

                Exhibit ⬛ 3

Page 2        I expect a meeting with you
at Gander Hill soon and a filing of the
Rule 61 motion concerning the issues. What
is the issue concerning the transcript.

Very Truly Yours,

A-446

IN THE SUPREME COURT OF THE STATE OF DELAWARE

NIKERRAY MIDDLEBROOK,

Defendant-Below
Appellant,

VS

NO.

STATE OF DELAWARE,
Plaintiff-Below
Appellee.

## NOTICE OF APPEAL

TO: Clerk of Court
55 THE GREEN
P. O. Box 476
Dover, DE 19903

Deputy Attorney General
Department of Justice
820 North French Street
Wilmington, DE 19801

PLEASE TAKE NOTICE that Defendant-Below, Appellant, Nikerray Middlebrook, Pro SE does hereby appeal to the Supreme Court of the State of Delaware from the ORDER of the Honorable Fred S. Silverman of the Superior Court of the State of Delaware in and for New Castle County entered on August 21, 2000 in the case of State of Delaware vs. Nikerray Middlebrook, Criminal Action Numbers IN 96 -      - through     , and ID Number 9608015635. A copy of the ORDER of the Court is attached to this Notice of Appeal.

The name and address of the attorney below for Appellee is: Loren Meyers, And Robert Surles
Deputy Attorney General
Department of Justice
820 North French Street
Wilmington, Delaware 19801

A-47

PLEASE TAKE FURTHER NOTICE that Appellant hereby designates the portion of the record and transcript in accordance with Rules 7(c)(6) and 9(e)(ii) in the following manner:

Appellant's sentencing of June 12, 1998 and Appellant's Sentencing hearing which was continued on November , 1997.

Dated:

Nikerray Middlebrook
SBI   295 569
1301 E. 12th Street
Wilmington, DE 19809

A-48

IN THE SUPREME COURT OF THE STATE OF DELAWARE

NIKERRAY MIDDLEBROOK,

      Defendant - Below,
      Appellant,

VS.

                           NO

STATE OF DELAWARE,

      Plaintiff - Below
      Appellee.

## PETITION UNDER RULE 26(e)

COMES NOW, Defendant - Below, Appellant, Nikerray Middlebrook, Pro Se, and respectfully requests that pursuant to Supreme Court Rule 26(e), this Honorable court waive the docketing deposit required by Supreme Court Rule 20(a) for Appellant Middlebrook, based upon the following grounds:

1. Appellant Nikerray Middlebrook is currently incarcerated at the Multi-Purpose Criminal Justice Facility as a result of his criminal convictions in the Superior Court of the State of Delaware in and for New Castle County in the case of State of Delaware vs. Nikerray Middlebrook, ID Number 9608015635

2. At the present time, Appellant Middlebrook is an indigent person without employment or savings or other to pay his legal fees.

3. Appellant Middlebrook has no assets with which to pay the docket fee necessary in order to file and prosecute an appeal in this

A-149

Honorable Court

4. As a consequence of his indigency, Appellant Middlebrook is unable to pay the docketing deposit required by Supreme Court Rule 20(a) which is necessary for the filing of an appeal of the ORDER in the Superior Court of the State of Delaware in and for New Castle County to the Supreme Court of the State of Delaware.

WHEREFFORE, Appellant Nikerray Middlebrook respectfully request that this Honorable Court, pursuant to Supreme Court Rule 26(e), waive the requirement that Appellant pay the docketing deposit required by Supreme Court Rule 20(a) in order that Appellant may file an appeal to the Delaware Supreme Court from the ORDER of the Honorable Fred Silverman.

Nik___ Mullll

1301 E. 12th Street
Wilmington DE 1980

Dated:

A-50

IN THE SUPREME COURT OF THE STATE OF DELAWARE

NIKERRAY MIDDLEBROOK,
    Defendant-Below,
    Appellant,

VS.                               No.

STATE OF DELAWARE,
    Plaintiff-Below
    Appellee.

DIRECTIONS TO COURT REPORTER OF
PROCEEDINGS Below TO BE TRANSCRIBED
PURSUANT TO RULE 9(e)

TO:

Chief Court Reporter
Superior Court Reporters
Daniel L. Herrmann Building
1000 North King Street
Wilmington, Delaware 19801

COMES NOW, Appellant Nikerray Middlebrook and
hereby directs the proceedings in State of Delaware vs.
Nikerray Middlebrook ID Number 9608015635, in the
Superior Court of the State of Delaware in and for New
Castle County, to be transcribed as set forth below:

Appellant's Sentencing on June 12, 1998 and
Sentencing which was continued November , 1997.

Dated:

A-51

Nikerray Middlebrook
P.O. Box 9561
Wilmington DE 19809

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| NIKERRAY K. MIDDLEBROOK, | ) |
| | ) |
|     Defendant Below, | ) |
|     Appellant, | ) |
| | )   No. 424, 2000 |
| v. | ) |
| | ) |
| STATE OF DELAWARE, | ) |
| | ). |
|     Plaintiff Below, | ) |
|     Appellee. | ) |

## NOTICE OF APPEAL

TO: ROBERT H. SURLES
    Deputy Attorney General
    Department of Justice
    State Office Building
    820 North French Street
    Wilmington, DE 19801

PLEASE TAKE NOTICE that Nikerray K. Middlebrook, defendant-below, appellant, does hereby appeal to the Supreme Court of the State of Delaware, from the convictions and sentence imposed on August 21, 2000, in the Superior Court of the State of Delaware by the Honorable Fred S. Silverman, in Criminal Action Nos. IN96-09-1119, 1120, 1121, 1122, 1795 in that Court. The name and address of the attorney below for Appellee is: Robert H. Surles, Deputy Attorney General, Department of Justice, State Office Building, 820 North French Street, Wilmington, Delaware. The party against whom the

A-52

appeal is taken is the State of Delaware.

PLEASE TAKE FURTHER NOTICE that appellate hereby designates the portions of the record and transcript in accordance with Rule 7(c)(6) and 9(e)(ii) in the following manner:

Designation set forth on attached Exhibit A.

The original sentence of June 12, 1998 will follow under separate cover.

Dated: September 5, 2000

*Jamun A. Baynual /*

JAMES A. BAYARD, JR.
Assistant Public Defender
State Office Building
820 North French Street
Wilmington, DE 19801

A-53

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| NIKERRAY K. MIDDLEBROOK, | ) |
| | ) |
|     Defendant Below, | ) |
|     Appellant, | ) |
| | )  No. 424, 2000 |
| v. | ) |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
|     Plaintiff Below, | ) |
|     Appellee. | ) |

DIRECTIONS TO COURT REPORTER TO PROCEEDINGS
BELOW TO BE TRANSCRIBED PURSUANT TO RULE 9 (e)

TO: MAUREEN MCCAFFERY
    BETTY GLEASON
    Court Reporter
    Superior Court
    Daniel L. Herrmann Courthouse
    1020 N. King Street
    Wilmington, DE 19801

Appellant does hereby direct the proceedings in Nikerray
K. Middlebrook v. State of Delaware, Criminal Action Nos.
IN96-09-1119, 1120, 1121, 1122, 1795 in the Superior Court of
the State of Delaware, In and For New Castle County, to be
transcribed to include the following:

    1.    Opening statements of the State and the defendant;

    2.    All trial testimony including sidebars and office
conferences during the trial;

    3.    Closing arguments of the State and the defendant;

4.    The  Court's  instructions  to  the  jury  and  any
exceptions thereto; and

5.    The sentencing of June 12, 1998.

I hereby certify that transcription of the above-listed
portions  of  the  proceedings  below  is  essential  to  the
prosecution of this appeal.

*James A. Bayard*

JAMES A. BAYARD, JR.
Assistant Public Defender
Carvel State Office Building
820 N. French Street
Wilmington, Delaware 19801

## AFFIDAVIT OF MAILING

BE IT REMEMBERED that on this 5th day of September, 2000, personally appeared before me, a Notary Public for the State and County aforesaid, Karen Short Wishowsky, a secretary for the Public Defender's Office, who being by me duly sworn did depose and say as follows:

1.   That she caused to be delivered by Public Defender runner, two copies of Appellant's Notice of Appeal, and two copies of Directions to Court Reporter to Proceedings Below to be Transcribed Pursuant to Rule 9(e) in the above-captioned matter to Robert H. Surles, Deputy Attorney General, Department of Justice, State Office Building, 820 North French Street, Wilmington, Delaware 19801; and,

2.   That she caused to be delivered by Public Defender runner, two copies of Directions to Court Reporter to Proceedings Below to be Transcribed Pursuant to Rule 9(e) in the above-captioned matter to Maureen McCaffery and Betty Gleason, Court Reporters, Superior Court, Daniel L. Herrmann Courthouse, 1020 N. King Street, Wilmington, Delaware 19801.

Karen Short Wishowsky

SWORN TO AND SUBSCRIBED by me the day and year aforesaid.

NOTARY PUBLIC/ATTORNEY AT LAW

A-56

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY.

STATE of DELAWARE,

    Plantiff.

vs.

Nikerray Middlebrook,

    Defendant.

CA. No. 9608015635

## Notice of Motion

TO: Honorable Judge Fred S Silverman

Please Take Notice that the undersigned counsel will present the attached Motion for Enter AN ORDER directing the preparation of transcript to this Honorable Court at the earliest convenience of the Court and counsel.

Dated :

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,

    PLANTIFFS.

Vs.

    CA. No. 9608015635

Nikerray Middlebrooks,

    Defendant

Motion For ENTER AN ORDER DIRECTING THE

PREPERATION OF TRANSCRIPT

    Comes Now, the Defendant, Pro SE, and moves this Honorable Court pursuant to Supreme Court Court Rule 9(e), to grant Motion for Enter An Order Directing the Preperation of Transcript, As grounds, Defendant states the following:

FACTS

1. Defendant, Nikerray Middlebrooks, is in the process of filing a Post-Conviction Motions in the present case.

A-58

2. However, in order to complete preperation for the above-mentioned motion, Defendant needs transcript

3. Before Privete Retained Counsel was hired, the Public Defenders Office represented the deffendant in the present case.

4. The jury returned a verdict of guilt on July 18, 1997, Defendant was sentenced on June 27, 1998.

5. Defendants, Privately Retained Counsel failed to file timely direct appeal on Defendants behalf.

6. Consequently, Defendant, request this Court to Enter an ORder Directing Preperation of the transcript of Entire Trial, Also designate the party responsible for payment of the cost of such transcript.

# ARGUMENT

The Delaware Constitution specifically grants a Defendant, convicted of a felony and sentenced to imprisonment exceeding one month a right to appeal. Delaware Constitution art. IV Secection II.

1. As an indigent, the Defendant, is entitled, at Public expense, to all or such portions of the transcript of trial as may be necessary to their appeal. Griffin V. Illinois 351 US 12, 76 S. Ct. 585.

2. The right, for Defendant, to have all or such portions of the transcript of trial, at Public expense, is not lost by an indigent Defendant who has parents finacially able to pay the expense of appeal. STATE V. ALLEN. Circuit Court, 241 Ind. 627, 174, N. E. 2d 411 (1961)

3. At trial, Defendant, was represented by Public Defender, and Privately Retained counsel was hired to file the appeal, the State will be compelled in conformity with the positive rules of Law by means of the Public Defender's budget appropriation or other appropriate route. PENDRY V. STATE, DEL Supr., 367 A. 2d 627.

4. Defendant's, loss of appeal occurred on account of the violation of Defendants right to effective representation, An adequate alternate remedy must be and is found by Superior Court Rule 61. Braxton v. State, 479 A.2d 831 (Del. Supr. 1984)

5. Defendant's, conviction may not stand and must be regarded as having been obtained in violation of the Constitution and Laws, unless Defendant is afforded a chance to appeal or an adequate alternate remedy.

Wherefore, Defendant, respectfully request that this Motion For Enter An Order Directing the Preparation of Transcript, be granted

Dated:

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,

    Plaintiff

Vs.

    CA. NO. 9680156 35

Nikerray Middlebrook,

    Defendant.

ORDER

AND NOW, TO WIT, this ___ day of November 1999, the foregoing Motion for Enter An Order Directing the Preparation of transcripts having been heard and considered by the Court;

IT IS HEREBY ORDERED; that Defendant, Nikerray Middlebrook, Motion for Enter An Order directing the preparation of the transcript is granted

A-61

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,

　　　PLANTIFF.

VS.

NIKERRAY MIDDLEBROOK,

　　　DEFENDANT

CA. NO. 9608015635

Motion To Enter An Order Directing The
Preperation of Transcript

Comes Now, the Defendant, Pro Se, and moves this
Honorable Court pursuant to Superior Court Criminal Rule 6(d)(3)
to grant motion for Enter an order directing the perperation of
transcript, as grounds, Defendant states the following:

## FACTS

1. Defendant, Nikerray Middlebrook is in the process of filing
a Post - Conviction motion in the present case.

2. However, in order to complete preperation for above-
metioned motion, Defendant needs transcript for following:
Ground (1) Jury Selection

　　　A) Jury panel racially unbalanced. A fair representation
of the Community not present.

　　　B) Alternate juror excused, Juror states "I know
Victim in the case and I think He is a alright guy." Judge
abused discretion by not questioning entire Panel as to

Whether alternate juror related comments to any other
jurers on panel.

Ground (2) Evidence

      A) Attorney requested evidenced be excluded
(Book Bag).

      B) Attorney objects to introduction of clip found
on Defendant, September 11, 1996 being introduced to jury.

Ground (3) Opening Arguments

      A) States case in cheif - Motive.

Ground (4)   Entire Trial from July 15, 1997 through July 18, 1997
      A) Inconsistencies in witnesses statements.
      B.) Attorney objects to judge denying impeachment
questions. Denial of Cross examination.

      C.) Perjured Testimony by witnesses.

      D.) Verdict against Weight of Evidence (Judge
Abuse of discreation on motion of Aquittal.)

Ground (5)   Closing Arguments.

      A) Prosecutor Misconduct.

      B.) Defense Counsel Statements prejudice

Ground (6)   Sentencing

      A) Unnecessary delay.

      B.) Dismissal of Counsel (motion Ruling).

Ground (7)   Ineffective Assistance of Counsel.

      A.) Failure to object to evidence.

      B) Failure to object to In-Court Identification.

      C.) File Suppression Hearing - Identification.

      D.) Discovery (Rule 16) Request.

      E.) Request Lolly Instruction or request
continuance or mistrial for scientific Evidence Test.

      F. objeed to witness testimony

A-62

G. Call Witness - Nurse,

H. Cross Examine witness for

  1.) Witness Bias.

  2.) Criminal record, (Request Jenks material)

  3) Perjured and inconsistant testimony.

I. Transcribe Preliminary Hearing.

J. Call Character witnesses.

K. Defense Counsel Statement prejudice (sidebar) and closing arguments.

  1. Requesting Lesser included offense of Assault 1st

3. Consequently, Defendant, request this court to Enter an order directing preperation of the transcript of Entire trial.

4. The Delaware Constitution specifically grants a Defendant, convicted of a felony and sentenced to imprisonment exceeding one month a right to appeal. Delaware Constitution art. IV Section 11.

5. Defendants, loss of direct appeal occurred on account of the violation of Defendants right to effective representation. An adequate alternate remedy must be and is found by Superior Court Rule 61 Braxton V. State, 479 A.2d 831 (Del. Supr. 1984).

6. Since loss of direct appeal for Attorney's failure to file Notice of appeal, Defendant must address all of the issues that could have been raised on appeal in Rule61.

7. Defendants conviction may not stand and must be regarded as having been obtained in violation of the Constitution and laws, unless Defendant is

A - 64

afforded a chance to appeal or an adequate alternate remedy.

8. As an indigent, the Defendant, is entitled, at Public expense, to all or such portions of the transcript of trial as may be necessary to the appeal. Griffin V. Illinois 351 U.S. 12, 76 S. Ct. 585

9. At trial, Defendant, was represented by Public Defender, and Privately retained counsel was hire to file the appeal, the State will be compelled in conformity with the positive rules of Law by means of the Public Defender's budget appropriation or other appropriate route Pendry V. State, Del. Supr., 367 A.2d 627.

Wherefore, Defendant, respectfully request that this motion to Enter Order Directing the preperation of transcript, be granted

DATE :

_Nikerray Middlek_

NiKErrAy MiooleBrook
1301 E. 12th Street
P.O. Box 9561
Wilmington, DE 19809

A - 65

IN THE SUPREME COURT FOR THE STATE OF Delaware

IN AND FOR NEW CASTLE COUNTY

NIKERRAY MIDDLEBROOK,
Petitioner

V.

THE HONORABLE FRED S.
SILVERMAN AND SUPERIOR
COURT OF THE STATE OF DE,
Respondents

:
:   ID #
:
:
:
:
:
:
:
:

PETITION FOR EXTRAORDINARY WRIT
OF MANDAMUS PURSUANT TO
SUPREME COURT RULE 43

## I. JURISDICTION

1. The Supreme Court has original jurisdiction to entertain an Petition for Writ of Mandamus pursuant to Supreme Court Rule 43.

## II. PARTIES

2. Petitioner, Nikerray Middlebrook, is currently incarcerated at the Multi-Purpose Criminal Justice Facility, 1301 East 12th Street, Wilmington, DE.

3. Respondent, The Honorable Fred S. Silverman, is a Associate Judge in the Superior Court of the State of Delaware.

4. Respondent, The Superior Court of the state of Delaware in and for New Castle County, is the Court which has jurisdiction over felony Criminal offenses and Sentencing on felony convictions in the state of Delaware.

## III. STATEMENT OF FACTS

Petitioner prays that a Writ of Mandamus be issued by this Court directed to Honorable Fred E. Silverman, The Superior Court of the state of Delaware in and for New Castle County to review Motion for Transcript(s). In Support of this petition, the following is Shown :

1. The caption of the matter is STATE v. Nikerray Middlebrook, Criminal Action 9608015635 in the Superior Court of the State of Delaware, in and for New Castle County.

2. Petitioner filed motion for transcript(s) November 8, 1999. Petitioner's motion was denied November 18, 1999. Petitioner renewed motion December 8, 1999, the motion was referred to Honorable Fred S. Silverman.

3. Does the Petitioner have a constitutional right to a direct appeal and to the provision of a Free Transcript Under Supreme Court Rule 9(e)(i) in the interest of justice for purpose of filing an appeal to present

A-67

questions which may be raised on appeal, when attorney for petitioner was negligent and /or failed filing a timely direct appeal which

denied appellant right for direct appeal. In the Interest of Justice. See Supreme Court Rule 8.

4. Petitioner was found guilty at trial on July 18, 1997 of a Class A Felony. Petitioner was sentenced on June 12, 1998. Attorney for Petitioner was negligent and /or failed to file timely direct appeal. Petitioner has filed complaint with Office of Disciplinary Counsel.

5. Petitioner filed motion for appointment of Counsel December 10, 1999. Petitioner's motion was referred to Honorable Susan DelPesco. On January 11, 2000 the Public Defenders Office was reappointed to represent Petitioner.

6. Petitioner wrote letters to Honorable Fred S. Silverman requesting the court to pay for transcripts. December 3, 1999; Inquiring about motion for court to pay for transcripts and requesting court appointed attorney December 3, 1999; Requesting copies of transcript and order pertaining to motions filed, March 17, 2000

7. Petitioner claims State is in direct violation

page 4

of Petitioner's constitutional right under Delaware Constitution Article 1 Section 7 and United States Constitution Amendment, fourteenth constitutional Amendment for denial of transcript and direct appeal.

8. Petitioner is currently left with no redress in filing direct appeal to challenge criminal conviction on account judgement became final when attorney for petitioner was negligent and /or failed to file timely direct appeal.

9. As indigent, Petitioner is entitled, at public expense, to all or such portions of the transcript of trial as may be necessary to Petitioner's appeal and right to have all or such portions of the transcript of trial, at public expense, is not lost by petitioner who is finacially unable to pay the expense of appeal.

10. The Due Process Clause of the Constitution requires [appointment of counsel], free transcript for appellate purpose of an indigent Petitioner. It is necessary to recieve at State expense the transcript.

11. Petitioner claims no other remedy is available to obtain trial transcript to file an appeal.

12. All petitioner's attorney's have failed to furnish trial transcripts to file direct appeal and/or post conviction Motion or alternate relief.

A-69

Page 5

13. Petitioner's attorney's failure to file notice of appeal and/or failure to file petitioners requested appeal constitutes ineffective assistance of counsel and is a direct violation of Petitioner's United States Constitution Amendment, Sixth Constitutional Amendment right to counsel where appeal was never filed.

14. Petitioner's attorney's failure to file request significant portion of record for appeal rendered attorney's performance deficient

15. Petitioner's conviction may not stand and must be regarded as having been obtained in violation of the United States Constitution Amendment, Sixth and fourteenth Constitutional Amendments, Delaware Constitution and laws, unless petitioner is afforded a chance to an appeal or an adequate alternate remedy.

16. An Two year Seven month delay in appeal from Petitioner's conviction violated due process.

17. Petitioner request to be released from incarceration at the Multi-Purpose Criminal Justice facility, 1301 East 12th Street, Wilmington, DE until the Superior Court of the State of Delaware in and for New Castle County furnishes trial transcripts and petitioner is afforded a chance to an appeal or an adequate alternate relief.

A-70

Page 6

18. The reasons for granting the Writ are Honorable [Norman A. Barron] Fred S. Silverman improperly exercised jurisdiction denying order, Motion for Transcript(s) when petitioner has a constitutional right to file an appeal. Under United States Constitution and Delaware Constitution which specifically grants petitioner who is convicted of a felony and sentenced to imprisionment over a year a right to appeal. Petitioner has no device to challenge criminal conviction due to courts failure to produce transcripts. Petitioner's attorney failure to file timely direct appeal and/or file petitioner's requested appeal constitutes ineffective assistance of counsel and prejudice is assumed and requires vacating judgement of conviction and Sentence. Petitioner has no other available remedy and the legal right sought to be enforced is clearly established and the Court is in violation of Petitioners liberty guaranteed by the Due Process Clause of the Constitution. See United States Constitution Sixth and Fourteenth Constitutal Amendment(s), Delaware Constitution Article I Section 7.

Wherefore, Petitioner prays that this Court Issue a Writ of Mandamus affording Petitioner the following relief Vacating judgement of Conviction and Sentence and issue transcripts to afford Petitioner direct appeal.

Nikourray Middlebrook
Respectfully Submitted,

Nikierray Middlebrook

Date :

A-171

IN THE SUPREME COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

Nikerray Middlebrook,
Petitioner

ID#

V.

The Honorable Fred S. Silverman
and Superior Court of The
State of Delaware,
Respondents

ORDER

And Now, To Wit, this      day of
, A.D., ORDER

_____
(Judge)

A-72

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

The State of Delaware

v.

Nikerray Middlebrook

Cr. A. # 951661 9663
9608015635

----------------------------------------------------------------

Notice of Motion

To:
    Deputy Attorney General
    Department of Justice
    State Office Building
    8th Floor
    820 N. French St
    Wilmington, DE 19801

PLEASE take notice that the attached MOTION TO DISMISS COUNSEL AND FOR SUBSTITUTION OF Appointed Counsel will   be  presented  to  this

Honorable Court as soon it may be heard.

Dated: _____    Nikerray Middlebrook

                        MPCJF
                        P.O. Box 9561
                        1301 E. 12th Street
                        Wilmington, DE 19809

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,
    Plaintiff.

V.

Nikerray Middlebrook,
    Defendant.

CR. A. No's 9510019663
9608015635

## MOTION TO DISMISS COUNSEL AND
## FOR SUBSTITION OF APPOINTED COUNSEL

Now Comes The Defendant, Nikerray Middlebrook, ProSe, and moves this Honorable Court to Substitute Court appointed Counsel pursuant to and under the Provision of Superior Court Criminal Rule 44 (d) and The Defendant States the following:

(1) Defendant is currently represented by The Public Defenders office, Mr. James Bayard Jr, Esq, in the following Criminal Cases CR. A. No's 9510019663 and 9608015635,

(2) Court appointed Counsel, Mr. James Bayard Jr, Esq. has negligently handled his duty to Defendant, Nikerray Middlebrook to provide effective assistance of Cansel guranteed by the sixth Constitutional Amendment and Delaware Constitution Article 1 Section 7.

A-74

(3) Court appointed Counsel, Mr. James Bayard Jr, Esq. has shown a lapse of performance in his representation of defendant.

(4) Court appointed Counsel, Mr. James Bayard Jr., Esq. and defendant, Nikerray Middlebrook have an irreconcilable conflict, which might handicap defense.

(5) There is a complete breakdown of communication, which justifies discharge or substitution.

(6) Defendant, Nikerray Middlebrook has a legitimate reason for his loss of confidence; Court appointed Counsel's lack of investigation and preparation and other substantial reason(s).

(7) Defendant, Nikerray Middlebrook points to the issue of the ability and preparedness of counsel, Mr. James Bayard Jr, Esq. to render effective assistance under the prevailing circumstances.

(8) Court appointed Counsel, Mr. James Bayard Jr. Esq. is not rendering reasonably effective assistance of Counsel and defendant, Nikerray Middlebrook request for a hearing to determine whether Defendant received effective assistance of Counsel.

Wherefore, Defendant respectfully request that his Motion To Dismiss Counsel And For Substitution of appointed Counsel be granted.


Date :

_____

Niherray Middlebrook
Gander Hill Prision
Wilmington DE 19809
SBI # 295569

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE

    Plaintiff,

    V.

Nikerray Middlebrook

    Defendant.

CR. A. No.'s 9510019663
9608015635

## ORDER

AND NOW, TO WIT, this _____ day of

_____, A.D.,      ; the foregoing

motion having been heard and considered, it is

hereby: ORDERED _____

_____

_____

_____

_____

_____

Judge

A—79

IN THE SUPREME COURT OF THE STATE OF DELAWARE

427 , 2000

L. C. MEYERS

STATE OF DELAWARE,                           CB
        Plaintiff below,
        Appellant,
v.

PRO SE                              NIKERRAY MIDDLEBROOK,
(DCC-00295569)                             Defendant below,
                                           Appellee.
                                    (CONSOLIDATED WITH NO. 424, 2000)

DF $ 00.00

2000

| | | | |
|---|---|---|---|
| 1 | Aug | 31 | Notice of appeal from the order dated 8/21/00, in Superior Court, in and for New Castle County, by Judge Silverman, in Case ID No. 9608015635, with designation of no transcript. (served by hand 8/31/00) |
| 2 | Sep | 05 | Memo dated 9/5/00 from Justice Berger to Clerk, noting her disqualification in this matter. Counsel notified. |
| 3 | Sep | 08 | Order dated 9/8/00, Holland, J., appeal nos. 424, 2000 and 427, 2000 are CONSOLIDATED. |
| 4 | Sep | 08 | . Letter dated 9/8/00 from Senior Court Clerk to Kathy Feldman, transcript is due to be filed by 10/16/00. |
| 5 | Sep | 08 | Motion to dismiss counsel and leave to proceed pro se by Nikerray Middlebrook.   (service shown) |
| 6 | Sep | 08 | Affidavit requesting to proceed pro se pursuant to Rule 26(d)(iii) by Nikerray Middlebrook. |
| 7 | Sep | 08 | Letter dated 9/8/00 from Senior Court Clerk to James A. Bayard, Jr., Esquire, forwarding a copy of Mr. Middlebrook's affidavit for his information. |
| 8 | Sep | 13 | Order dated 9/13/00, Holland, J., appellant's pro se motion for a remand for an evidentiary hearing is GRANTED, and this matter is REMANDED with jurisdiction retained. |
| 9 | Sep | 14 | Certified copy of Order dated 9/13/00 to clerk of court below.  Jurisdiction Retained. Case due to be returned by 11/13/00. |
| 10 | Sep | 20 | Prothonotary's receipt of certified copy on 9/19/00. (amw) |
| 11 | Sep | 29 | Letter dated 9/27/00 from Mr. Nikerray Middlebrook to Clerk, requesting a copy of the docket sheet. (copy sent) (eas) |
| 12 | Oct | 11 | Letter dated 10/9/00 from Mr. Nikerray Middlebrook to |

Clerk, providing his temporary address change to: DCC. (eas)

13    Oct    12    Court reporter's final transcript log entry: Prothonotary received 10/6/00. (filed on 10/11/00) (eas)

14    Nov    22    Letter dated 11-22-00 from Clerk to Judge Silverman, requesting a status report to be filed by 12-4-00. (clh)

15    Dec    05    Letter dated 12/4/00 from Judge Silverman to Justice Holland enclosing "Findings of Fact, Conclusions of Law and Recommendations" returning this matter from remand (afb).

16    Dec    06    Order dated 12/6/00 by Holland, J., appellant's request to proceed pro se is GRANTED; James A. Bayard, Jr., Esq. is permitted to withdraw as his attorney; a new brief schedule shall issue (afb).

17    Dec    06    Letter dated 12/6/00 from assistant Clerk to Prothonotary, the record is due to be filed by 12/18/00 (afb).

18    Dec    06    Brief schedule issued. (opening brief due 1/5/01 (afb)

19    Dec    07    Record returned from remand. (filed on 12/6/00) (dlc)

20    Dec    15    Motion under Rule 15(b) by appellant. • (served by mail 12/12/00)(clh)

21    Dec    15    Order dated 12-15-00 by Clerk, appellant's opening brief and appendix are due 2-5-01. (clh)

2001

22    Jan    16    Motion under Rule 15(b) by appellant. (service shown) (eas)

23    Jan    17    Order dated 1/17/01, Holland, J., appellant's opening brief and appendix are due 3/7/01.  The Court anticipates no further extensions. (eas)

24    Jan    24    Motion under Rule 15(b) by appellant-Middlebrook. (no service shown-copy sent)(filed 1/23/01)(clh)

25    Jan    30    Letter dated 1/30/01 from Assistant Clerk to appellant stating that appellant's Motion under Rule 15(b) filed 1/23/01 appears to have crossed in the mail with the  C Court's 1/17/01 order granting an extension of time and that the Court will take no further action with respect to his motion filed 1/23/01 (afb).

26    Mar    01    Appellant's opening brief. (served by mail 2/22/01) (eas)

27    Mar    07    Appellee's answering brief and appendix. (served by mail 3/7/01) (amw)

28    Mar    07    Notice of voluntary dismissal by the State. (served

A-79

by mail 3/7/01) (amw)

29    Mar  26    Appellant's reply brief. (no service shown-copy sent)
                  (eas)

30    May  11    Order dated 5/11/01 by Holland, J., REMANDED
                  (ENV JTW RJH) (afb).

31    May  14    Record and certified copy of Order dated 5/11/01 to
                  Clerk of Court Below. Jurisdiction retained. Case due
                  to be returned by 6/11/01 (afb).

32    May  17    Letter dated 5/14/01 from appellee to Clerk,
                  requesting a docket sheet. (docket sheet sent) (eas)

A - 80

SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*

DEBORAH L. WEBB
*Chief Deputy Clerk*

LISA A. SEMANS
*Senior Court Clerk*

August 30, 2000

#4

SUPREME COURT BUILDING
55 THE GREEN
P.O. BOX 476
DOVER, DE 19903

(302) 739-4155

James A. Bayard, Jr., Esquire
Office of the Public Defender
Carvel State Office Building
820 North French Street, 3rd Floor
Wilmington, DE 19801

      RE:   *Nikerray Middlebrook v. State*, No. 424, 2000
              (Cr.ID No. 9608015635)

Dear Counselor:

      Today, Mr. Nikerray Middlebrook filed a *pro se* notice of appeal which appears to be from the Superior Court's sentencing order dated August 21, 2000, in Cr. ID No. 9608015635. A copy of Mr. Middlebrook's *pro se* appeal is attached for your review.

      It appears from the Superior Court docket sheet that you represented Mr. Middlebrook in this matter. Therefore, the Court requests you to file a written statement on or before **September 11, 2000,** indicating that you recognize your continuing obligation under Supreme Court Rule 26(a) to represent Mr. Middlebrook in the above appeal. Please include with your statement a formal notice of appeal and directions to the court reporter, if appropriate.

                              Very truly yours,

                              Lisa A. Semans

Enclosure

/eas

cc:   Mr. Nikerray Middlebrook
      Loren C. Meyers, Esquire

A - 81

# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NIKERRAY MIDDLEBROOK, | § | Nos. 424/427, 2000 |
| | § | |
| Defendant Below, | § | Court Below: Superior Court |
| Appellant, | § | in and for New Castle County |
| | § | in Cr.A. Nos. IN96-09-1119 |
| | § | through -1122 and 1795 and |
| v. | § | Cr.ID No. 9608015635 |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

## O R D E R

This 13th day of September 2000, it appears to the Court that:

1.    The appellant, Nikerray Middlebrook, seeks to appeal his Superior Court convictions of attempted murder first degree, assault first degree, two counts of possession of a firearm during a commission of a felony, and possession of a deadly weapon by a person prohibited. Prior to the time for the filing of the appellant's opening brief, the appellant has requested that his counsel be permitted to withdraw and that he be permitted to pursue his appeal *pro se*.

A - 82

1)    Whether the appellant has retained private counsel to represent him on appeal. If so, the Court's inquiry can end. If not, the Court must determine if the appellant is an indigent person.

2)    If the appellant is indigent, a determination must be made as to whether he understands his right to court-appointed counsel to assist him on appeal by an inquiry into the appellant's educational background and his familiarity, if any, with the criminal justice system, including the trial process. If the appellant is indigent, he should understand that he must either accept representation on appeal by his present court-appointed counsel or proceed *pro se*.

3)    If the appellant elects to proceed *pro se*, an inquiry should be made into his decision to waive his right to retain private counsel or, if he is indigent, his decision to waive the assistance of his court-appointed trial counsel, including his explanation for such a decision. This should include the following inquiries:

a)    Whether the appellant has consulted with any other person, including any other attorney, in the making of his decision to waive his right to counsel. The appellant may, but he is not required to, identify such persons.

B.    This hearing should take place on notice to the State, and the
trial judge should promptly thereafter make findings of fact and
conclusions of law and transmit the same to this Court.

BY THE COURT:

Randy Holland

Justice

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NIKERRAY MIDDLEBROOK, | § | Nos. 424/427, 2000 |
| | § | (Consolidated) |
| | § | |
| Defendant Below, | § | Court Below: Superior Court |
| Appellant, | § | in and for New Castle County |
| | § | in Cr. A. Nos. IN96-09-1119 |
| | § | through −1122 and -1795 |
| STATE OF DELAWARE, | § | Cr. ID No. 9608015635 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

## O R D E R

This 6th day of December 2000, it appears to the Court that by Order dated September 13, 2000, the Court remanded this matter to the Superior Court for the limited purpose of conducting a hearing and making appropriate findings of fact and conclusions of law with respect to the appellant's request to proceed *pro se*. The Superior Court conducted an evidentiary hearing, in accordance with this Court's Order of remand, and thereafter filed the attached order on remand dated December 4, 2000, setting forth the Superior Court's findings of fact and conclusions of law.

NOW, THEREFORE, IT IS ORDERED that the trial judge's order dated December 4, 2000, is approved and adopted.

A -85

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| NIKERRAY MIDDLEBROOK, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Nos. 424/427, 2000 |
| ) | ID #: 9608015635 |
| STATE OF DELAWARE, ) | |
| ) | |
| Appellee, ) | |

Submitted: November 27, 2000
Decided: December 4, 2000

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATIONS

Upon Remand in Response to Appellant's
Request to Appear *Pro Se* on Appeal

In accordance with the Supreme Court of Delaware's September 13,
2000 Order,[1] this Court conducted a hearing, on the record, on November 30, 2000
for the limited purpose of making findings of fact and conclusions of law with
respect to Appellant's request to pursue his appeal *pro se*.  Pursuant to the remand,
the Court made all of the inquiries and provided more information than is called for

---

[1]   *Nikerray Middlebrook v. State*, Del. Supr., Nos. 424/427, 2000,
Holland, J. (Sept. 13, 2000) (ORDER).

A- 86

cautioned him against attempting to "fend off" the State's cross-appeal on his own. Nevertheless, Appellant continued to insist on representing himself.

In conclusion, the Court remains convinced that Appellant·is making a mistake. Nevertheless, based on the *Watson v. State* colloquy and the Court's further inquiries, the Court concludes that under the prevailing legal standards, Appellant's decision to proceed *pro se* is knowing, voluntary and intelligent.



_____
Judge

oc:  Prothonotary (Criminal Division)
pc:  The Honorable Randy J. Holland
     Cathy L. Howard, Clerk of the Supreme Court of Delaware
     Loren Meyers, Deputy Attorney General
     James Bayard, Esquire
     Nikerray Middlebrook, *Pro Se* Appellant

-3-

A 59