IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(21)

Nikerray Middlebrook )
    Petitioner, )
  )
v. )  Civil Action No. 05-827-SLR
  )
Thomas CARROLL, )
Warden, and Carl )
Danberg, Attorney )
General of the state )
of Delaware, )
    Respondents. )



FILED
SEP 12 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Scanned- BD 9/12/06

Motion for Leave to Amend Petitioners Habeas Corpus Motion filed, pursuant to 28 U.S.C. foll. §2254, on November 30, 2005

PLEASE TAKE NOTICE that the following Motion for Leave to Amend Petitioners Habeas Corpus Motion filed in accordance with Delaware District Court local Rule 15.1 will be presented to this Honorable court at its earliest convience.

Date: 9/11/06

Nikerray Middlebrook
Nikerray Middlebrook, pro se.
DCC
Smyrna, DE 19977

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Nikerray Middlebrook,
    Petitioner,

V.

Thomas Carroll, Warden, and Carl Danberg, Attorney General of the State of Delaware,
    Respondents.

Civil Action No. 05-827-SLR

Motion for Leave to Amend Petitioner's Habeas Corpus Motion filed, pursuant to 28 USC. foll § 2254, on November 30, 2005.

Now Comes, petitioner, Nikerray Middlebrook, pro se, and hereby states the following in support of this motion:

(1) The petitioner's appellate counsel did not inform petitioner that the Delaware Supreme Court denied his direct appeal, until the 1-year AEDPA Statute of limitations had almost expired. (The AEDPA Statute of limitations runs one year after the conviction becomes final on direct appeal.)

(2) To avoid filing habeas corpus Action after the AEDPA statute of limitations had run, the petitioner quickly prepared and filed the required form on his own using "prison Mailbox rule."

(3) Petitioner filed his habeas corpus on November 30, 2005. The state filed an Answer on March 2006.

(4) Petitioner later filed a traverse to State's Answer on April 2006 and a motion for expansion of record and for evidentiary hearing on July 2006.

(5) Petitioner recognizes that the windier and more convoluted a petition becomes, the more likely it is that the petition will test the judge's judicial patience.

(6) The petitioner assumes that quality counts way more than quantity on habeas corpus actions. The petitioner admits that his habeas corpus is loaded with dead weight.

(7) Petitioner ask this court to allow him to winnow his claims down to his three best claims to allow the court to give his best claims the focused attention they deserve.

(8) The Amendments will not prejudice the state in any way, and the amendments don't require for the State to file an Amended Answer. Petitioner is deleting several substantively meritless claims and petitioner is proceeding with the meritorious claims. (see attached Habeas Corpus form)

(9) The petitioner deletes Ground One on page 6 of habeas corpus form:

> GROUND ONE: Petitioner's opportunity for a fair and impartial trial was denied by the introduction of a prejudicial photograph contrary to the safeguards of the U.S.C.A. Amend. 5, 6, 14.
>
> (a) Supporting facts: On July 15, 1997, defense counsel and prosecutor met with trial judge to discuss a motion in limine. Defense counsel was concerned that a photograph of a backpack found in a local restaurant would be introduced into evidence by the State. The police destroyed the back pack before trial. The court concluded the probative value of the photo outweighed the prejudicial effect despite the lack of real need for the introduction of such evidence.

Add: GROUND ONE: Request for DNA and Ballistic testing

> (a) Supporting facts: A black pull-over ski mask, a 9mm gun, (2) 9mm gun clips, a box of 9mm ammunition, a pair of black wool gloves, and several 9mm bullet casings were found at the crime scene. Petitioner asked that the evidence be tested to prove his actual innocence.

(10) The petitioner deletes Ground two on page 7 of habeas corpus form:

> GROUND TWO: The trial judges decision to allow the jury to hear evidence of another unrelated crime was contrary to petitioners right to a fair trial by an impartial jury guaranteed by U.S.C.A. Amend. 6.
>
> (a) Supporting facts: A police detective was the prosecutors witness for the introduction of evidence. During direct examination he stated that the petitioner possessed a nine millimeter gun clip when arrested for another "unrelated incident." The gun clips connection with another crime tainted petitioners trial.

Amend To: GROUND TWO: Ineffective Assistance of Appellate Counsel.

(a) Supporting facts: Appellant counsel failed to raise issue of denial of petitioners right to speedy trial and appeal.

(11) The petitioner deletes Ground Three on page 9 of habeas corpus form:

> Ground THREE: The state denied the petitioner his right to present any information in mitigation at sentencing contrary to the rudiments of his U.S.C.A Amend. 6.
>
> (a) Supporting facts: Based upon the fact that its standard pratice for the court not to hear from live witnesses at sentencing, the court refused to permit the petitioners counsel to put witnesses on the stand. These witnesses could have presented mitigation evidence on petitioner's behalf. The evidence might have pursuaded the court to sentence the petitioner to a lower sentence.

Amend TO: GROUND THREE: Ineffective Assistance of trial counsel.

(a) Supporting facts: Trial counsel failed to impeach eyewitnesses with evidence of witness tampering and prior dishonest conduct.

(12) The petitioner deletes Ground Four on page 11 of habeas corpus form:

> GROUND FOUR: The State court's ruling that petitioner's trial and appellate counsel were not ineffective is an unreasonable application of his rights under U.S.C.A Amend 6.
>
> (a) Supporting facts: 1) Petitioner's trial counsel failed to file a motion to suppress statements given to police involuntarily 2) trial counsel failed to impeach eyewitnesses with evidence of witness tampering and prior dishonest conduct 3) Trial counsel failed to request that a ski mask found at the crime scene be tested for DNA evidence and he failed to request ballistic testing on gun, bullets, shell casing found at scene 4) Appellant counsel failed to raise issue of denial of petitioner's right to speedy trial and appeal.

WHEREFORE, the petitioner prays that this Honorable court grant him leave to amend habeas corpus action.

Date: 9/11/06

Nikerray Middlebrook
DCC
Smyrna, DE 19977

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Nikerray Middlebrock, )
    Petitioner, )
   )
v. )
   ) Civil Action No. 05-827-SLR
Thomas Carroll, )
Warden, and Carl )
Danberg, Attorney )
General of the State )
of Delaware, )
    Respondents. )

## ORDER

IT IS HEREBY ORDERED, this ___ day of _____, 200__ that the attached Motion for Leave to Amend Petitioner's Habeas Motion has been read and considered.

IT IS ORDERED that the Motion is hereby Granted/Denied.
IT IS FURTHER ORDERED THAT

_____
_____
_____

_____
                    Judge