IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
NIKERRAY MIDDLEBROOK,          )
                               )
            Petitioner,        )
                               )
v.                             )     Civil Action No. 05-827-SLR
                               )
THOMAS L. CARROLL,             )
Warden, and CARL C.            )
DANBERG, Attorney              )
General of the State of        )
Delaware,                      )
                               )
            Respondents.       )
```

Nikerray Middlebrook.  Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware
Department of Justice, Wilmington, Delaware.  Counsel for
respondents.

**MEMORANDUM OPINION**

January $l_6$, 2007
Wilmington, Delaware

**ROBINSON**, Chief Judge

## I.  INTRODUCTION

Presently before the court is petitioner Nikerray

Middlebrook's ("petitioner") amended application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  ( D.I. 21)

Petitioner is a Delaware inmate in custody at the Delaware

Correctional Center in Smyrna, Delaware.  For the reasons that

follow, the court will deny his application.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The facts of petitioner's case are as follows:

On August 23, 1996, Jerome Perkins was shot in the left abdomen and Jerry Williams was shot in the neck by a masked assailant.  The bullet was still lodged in William's neck at the time of trial.  The shooter fired at least five shots at Perkins and Williams.  Prior to the shooting, [petitioner] and Jerry Williams had been engaged in an ongoing dispute originating from their separate relationships with the same woman.

The shooting occurred at approximately midnight in the early morning of August 23, 1996 on a crowded street corner in Wilmington.  A masked man ran from between two houses, and began shooting at Perkins and Williams.  The shooter then chased Perkins down the street.  After Perkins ducked into a neighboring house, the shooter fled the scene.

While running away the shooter dropped something out of a backpack he was carrying.  Although the shooter's face had been completely concealed, he pulled up his mask to look for the dropped item.  When the mask was raised, both Jerome Perkins and Meisha Perkins testified that they had a clear view of [petitioner's] face.  A box of bullets was later recovered in this area by the police.

Williams also testified that [petitioner] was the shooter.  Williams stated that he had known [petitioner] for eight years prior to the shooting.  He testified that he was able to identify [petitioner] as the shooter based on what

1

Williams knew to be [petitioner's] mannerisms, walk, and body type.

Following the shooting, but five days prior to the arrest of [petitioner], the police recovered a backpack from Walt's Chicken, a business near the shooting scene. Inside the backpack were latex gloves, ski mask, a skull cap, a toothbrush, deodorant and a box of bullets of a similar type to the box of bullets found at the shooting scene. The investigating officer photographed the backpack with its contents.

After his arrest, [petitioner] admitted to the police that he had recently owned a backpack similar to the one displayed in the photograph and containing similar toiletries. [Petitioner] also told the police, however, that he had given his backpack to a friend several weeks before the shooting. After [petitioner's] arrest, the investigating officer did not change the label on the backpack recovered at Walt's Chicken from a "found property" tag to an "evidence" tag. Consequently, the backpack was destroyed according to department policy sixty days after the date it entered the records division. The backpack recovered at Walt's Chicken by the police five days before [petitioner's] arrest was therefore not preserved for testing and was not available for use at trial.

Middlebrook v. State, 815 A.2d 739, 742 (Del. 2003)

In July 1997, a Delaware Superior Court jury convicted petitioner of attempted first degree murder, first degree assault (as a lesser included offense of attempted first degree murder), two counts of possession of a firearm during the commission of a felony ("PFDCF"), and possession of a deadly weapon by a person prohibited. See id. The Superior Court sentenced petitioner to an aggregate of thirty-eight years in prison, suspended after thirty-seven years for one year of probation. Id. The Delaware Supreme Court affirmed petitioner's conviction and sentence on

2

direct appeal.[1]  Id.

In October 2003, petitioner filed a motion for post-
conviction relief pursuant to Delaware Superior Court Criminal
Rule 61 ("Rule 61 motion"). The Delaware Superior Court denied
the Rule 61 motion, and the Delaware Supreme Court affirmed the
Superior Court's decision. State v. Middlebrook, 2004 WL 2914281
(Del. Super. Ct. Dec. 16, 2004); Middlebrook v. State, 2005 WL
2334386 (Del. 2005).

Petitioner filed an application for habeas relief in
December 2005. (D.I. 2) The State filed an answer contending
that the court must deny the application as procedurally barred
and meritless. (D.I. 10) Petitioner filed a traverse, and then
he filed a motion to amend his application. (D.I. 15; D.I. 21)
The State filed a response to petitioner's motion to amend.
(D.I. 23)

## III.  EXHAUSTION AND PROCEDURAL DEFAULT

A federal court may consider a habeas petition filed by a
state prisoner only "on the ground that he is in custody in
violation of the Constitution or laws or treaties of the United
States." 28 U.S.C. § 2254(a). One prerequisite to federal
habeas review is that a petitioner must exhaust all remedies

---

[1]Petitioner's attorney failed to file a direct appeal as
requested by petitioner. Therefore, the Superior Court vacated
petitioner's original sentence of June 1998 and re-imposed the
same sentence on August 21, 2000 to allow petitioner to file an
appeal. See Middlebrook, 815 A.2d at 742-42.

available in the state courts. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

If a petitioner presents a claim to a state court only on state law grounds, and not on federal constitutional grounds, the federal habeas claims are unexhausted. Duncan v. Henry, 513 U.S. 364, 365 (1995). If a petitioner then presents those unexhausted habeas claims to a federal court, but state procedural rules would bar further state court review of those claims, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

4

Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. See Coleman, 501 U.S. at 750; Harris v. Reed, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction

5

of one who is actually innocent," Murray, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – – that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. STANDARD OF REVIEW

If a federal habeas claim is exhausted and not procedurally defaulted, and the highest state court adjudicated its merits, then the federal habeas court can only grant habeas relief if the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

6

28 U.S.C. § 2254(d)(1),(2); Williams v. Taylor, 529 U.S. 362,
412 (2000); Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001). A
state court adjudicates a claim on the merits for the purposes of
28 U.S.C. § 2254(d) if the state court "decision finally
resolv[es] the parties' claims, with res judicata effect, [and]
is based on the substance of the claim advanced, rather than on a
procedural, or other ground." Rompilla v. Horn, 355 F.3d 233,
247 (3d Cir. 2004)(internal citations omitted), rev'd on other
grounds by Rompilla v. Beard, 545 U.S. 374 (2005).

AEDPA also requires a federal court to presume that a state
court's determinations of factual issues are correct. 28 U.S.C.
§ 2254(e)(1). A petitioner can only rebut this presumption of
correctness by clear and convincing evidence. Id.; Miller-El v.
Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and
convincing standard in § 2254(e)(1) applies to factual issues,
whereas the unreasonable application standard of § 2254(d)(2)
applies to factual decisions). This presumption of correctness
applies to both explicit and implicit findings of fact. Campbell
v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000).

## V. DISCUSSION

### A. Motion to Amend

Petitioner's original habeas application presents the
following four claims for relief: (1) introducing a photograph
of the backpack found at Walt's Chicken as evidence during

7

petitioner's trial was overly prejudicial; (2) a police
detective's trial testimony that petitioner possessed a nine
millimeter gun clip "when arrested for another 'unrelated
incident'" tainted the trial; (3) petitioner was not permitted to
present "any information in mitigation at sentencing" in
violation of his Sixth Amendment rights; and (4) (a) trial
counsel provided ineffective assistance by failing to file a
motion to suppress petitioner's statement, failing to impeach an
eyewitness with evidence of witness tampering and prior dishonest
conduct, and failing to request DNA and ballistics testing; and
(b) appellate counsel was ineffective for failing to raise a
speedy trial claim on direct appeal and for failing to inform
petitioner of his right to petition for certiorari in the United
States Supreme Court.  (D.I. 2)  In its answer, the State
contends that claims one, two, and three should be denied as
procedurally barred because petitioner did not present the claims
to the Delaware Supreme Court as federal claims and he failed to
demonstrate cause for, or prejudice from, that default.  (D.I.
10)  Petitioner filed a traverse conceding his procedural default
of claims one, two, and three, and asking to delete those claims
from his petition.  (D.I. 15)

     Thereafter, in September 2006, petitioner filed a formal
motion to amend his original petition by deleting all four
original claims, and requesting permission to add following "new"

8

claims for relief: (1) the court should order DNA and ballistic testing so that petitioner can prove his actual innocence; (2) appellate counsel provided ineffective assistance by failing to raise a claim alleging the violation of petitioner's right to a speedy trial and appeal; and (3) trial counsel provided ineffective assistance by failing to "impeach eyewitnesses with evidence of witness tampering and prior dishonest conduct." (D.I. 21, at 3-5)  The petitioner attached a copy of his proposed amended application to his motion.  (D.I. 21)

The State filed a response to petitioner's motion to amend, stating that it does not oppose the deletion of the original four claims.  (D.I. 23)  However, the State argues that the court should deny petitioner's request to add the three new claims because petitioner's assertion of actual innocence and his request for DNA and ballistic testing are not cognizable on federal habeas review, and because petitioner already presented the two "new" ineffective assistance of counsel claims in his original petition.  Id.

In this case, petitioner filed his motion to amend after the State filed its answer.  Pursuant to Federal Rule of Civil Procedure 15(a), once a responsive pleading is served, a federal district court may freely grant an amendment if "justice so requires."  After reviewing both parties' assertions, the court concludes that justice requires granting petitioner's motion in

9

part, and denying the motion in part, as specifically explained below.

The court will grant petitioner's request to entirely delete claims one, two, and three from the petition. Both parties concede, and the record indicates, that claims one, two, and three are procedurally barred from habeas review. As for petitioner's request with respect to claim four, he asks to delete claim four in its entirety but then asks to "add" two ineffective assistance of counsel claims that were originally included in the claim. Therefore, the court concludes that petitioner is not really asking to "add" the two "new" ineffective assistance of counsel claims. Rather, petitioner only wants to delete portions of claim four while keeping the following two allegations of ineffective assistance of counsel: (1) appellate counsel failed to raise a speedy trial issue on appeal; and (2) trial counsel failed to impeach eyewitnesses with evidence of witness tampering and prior dishonest conduct. The court will grant this amendment.

Finally, the court will deny petitioner's motion to add a claim of actual innocence and his related request for DNA and ballistic testing. Although Rule 15 states that leave to amend should be freely given, the court has discretion to deny a request to amend if it is apparent from the record that: (1) the moving party has demonstrated undue delay, bad faith, or dilatory

10

motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, petitioner's assertion of actual innocence does not constitute a claim cognizable on federal habeas review. See Herrera v. Collins, 506 U.S. 390, 400 (1993)(claims of actual innocence based on newly discovered evidence are not cognizable on federal habeas review absent an independent constitutional violation); Fielder v. Varner, 379 F.3d 113, (3d Cir. 2004). Therefore, granting leave to amend the petition to add this claim would be futile.

Accordingly, petitioner's amended habeas application presents the following two grounds for relief: (1) appellate counsel provided ineffective assistance by failing to raise a speedy trial claim on direct appeal; and (2) trial counsel provided ineffective assistance by failing to impeach eyewitnesses with evidence of witness tampering and prior dishonest conduct. (D.I. 21)

## B. Appellate Counsel's Failure to Raise a Speedy Trial Issue on Direct Appeal

Petitioner contends that appellate counsel's failure to raise a speedy trial violation on direct appeal warrants federal habeas relief. The record indicates that petitioner did not raise this issue in his Rule 61 motion to the Superior Court. Rather, petitioner alleged that the 10-month time period between

11

his indictment and trial violated his right to a speedy trial. The Superior Court denied the claim as procedurally barred under Rule 61(i)(3) because petitioner did not raise the issue on direct appeal, and he did not demonstrate cause for, and prejudice resulting from, that failure. The Superior Court also denied the claim as substantively meritless after determining that the 10-month delay was neither unreasonable nor prejudicial to petitioner because the delay was partly due to the fact that petitioner's counsel was unavailable during some of that period and partly due to the fact that the parties were trying to resolve the case through a plea. See Middlebrook, 2004 WL 2914281, at *2.

On post-conviction appeal, petitioner attempted to establish cause for his procedural default by arguing that appellate counsel failed to raise the speedy trial issue on direct appeal. See (D.I. 13, Appellant's Reply Br. in Middlebrook v. State, No. 30,2005, at 1) The Delaware Supreme Court affirmed the Superior Court's denial of petitioner's Rule 61 motion without explicitly addressing any procedural or substantive issue; rather, the State Supreme Court summarily stated that it was affirming the judgment "on the basis of and for the reasons set forth in [the Superior Court's] well-reasoned decision dated December 16, 2004." Middlebrook, 2005 WL 2334386, at *1.

After reviewing the record, the court concludes that

12

petitioner procedurally defaulted the instant ineffective assistance of counsel claim in the state courts because he presented the claim to the Delaware Supreme Court on post-conviction appeal without first presenting it to the Superior Court in his Rule 61 motion. See, e.g., Waters v. State, 571 A.2d 788 (Table), 1990 WL 17766, at *1 (Del. Jan. 23, 1990)(applying Del. Sup. Ct. R. 8 and refusing to address an allegation of ineffective assistance on post-conviction appeal because prisoner did not present the claim in his Rule 61 motion). However, because the Delaware Supreme Court did not clearly and expressly explain that its decision to affirm the Superior Court's denial of the speedy trial claim was based on petitioner's procedural default and the State Court, therefore, did not expressly address whether petitioner's procedurally defaulted ineffective assistance of counsel claim could constitute cause for petitioner's default of the speedy trial claim, the court concludes that it is not procedurally barred from reviewing the instant ineffective assistance of counsel claim.[2] See Harris v. Reed, 489 U.S. 255 (1989). Moreover,

---

[2]Typically, when presented with a procedurally defaulted claim on habeas review, the court cannot review the merits of the defaulted claim absent a showing of cause and prejudice. However, pursuant to the plain statement rule articulated by the Supreme Court in Harris v. Reed, 489 U.S. 255 (1989), a claim that was not presented to the state courts in the correct procedural manner is not procedurally barred from habeas review "unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state

13

because petitioner presented the issue regarding appellate counsel's ineffective assistance to the Delaware Supreme Court, and the State Supreme Court did not address the issue, the court concludes that it must apply the pre-AEDPA standard and review the claim de novo.[3]  See Holloway v. Horn, 355 F.3d 707, 718-19 (3d Cir. 2004).

To establish constitutionally ineffective assistance, petitioner must satisfy the two-pronged test articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Under the first Strickland prong, petitioner must demonstrate

---

procedural rule."  Id. at 263.  Although, in petitioner's case, pursuant to Delaware Supreme Court Rule 8, the Delaware Supreme Court expressly refused to review two other ineffective assistance of counsel claims that petitioner presented on post-conviction appeal without first presenting to the Superior Court in his Rule 61 motion, the state court did not expressly refuse to consider the instant ineffective assistance of counsel claim. See Middlebrook, 2005 WL 2334386, at *1 n.1.

[3]De novo review means that the court "must exercise its independent judgment when deciding both questions of constitutional law and mixed constitutional questions."  Williams v. Taylor, 529 U.S. 362, 400 (2000)(Justice O'Connor concurring). Admittedly, the fact that the Delaware Supreme Court did not expressly include the instant ineffective assistance of counsel claim among those two claims it considered barred by Rule 8 could be interpreted to mean that the State Court considered the merits of the instant claim in determining whether petitioner established cause for his default of the speedy trial claim.  If true, then the court would be required to review petitioner's instant allegation under § 2254(d)(1).  However, the court concludes that de novo review is appropriate because the Delaware Supreme Court's decision does not clearly and expressly indicate whether its decision to affirm was based on the fact that the speedy trial was substantively meritless or on the fact that claim was procedurally barred.

14

that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. Strickland, 466 U.S. at 688. Under the second Strickland prong, petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." Id. at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. at 688. In order to sustain an ineffective assistance of counsel claim, petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. See Wells v. Petsock, 941 F.2d 253, 259-260 (3d Cir. 1991); Dooley v. Petsock, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." Strickland, 466 U.S. at 689.

Petitioner's instant claim stems from appellate counsel's failure to argue that the 10-month delay between the return of petitioner's indictment and the start of his trial violated petitioner's right to a speedy trial. The right to a speedy trial is guaranteed by the Sixth Amendment. See U.S. Const. amend. VI. A court must consider four factors when determining whether a defendant's right to a speedy trial has been violated:

15

(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972). "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Id. The Supreme Court has acknowledged that delays of one year trigger the analysis into the other Barker factors. Doggett v. United States, 505 U.S. 647, 652 n.1 (1992).

Here, the 10-month delay is not presumptively prejudicial and, therefore, does not trigger an inquiry into the other Barker factors. Additionally, as determined by the Superior Court, part of the 10-month delay was attributed to the unavailability of petitioner's counsel, as well as to the fact that the parties were attempting to resolve the case through a plea agreement. Therefore, the court concludes that there was no violation of petitioner's right to a speedy trial.

Having concluded that petitioner's right to a speedy trial was not violated, the court also concludes that appellate counsel was not ineffective for having failed to raise this claim on direct appeal. See Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998)(holding that counsel is not ineffective for failing to raise a claim which lacks merit). Accordingly, the court will deny petitioner's claim that appellate counsel provided

16

ineffective assistance.

## B. Trial Counsel's Failure to Impeach Eyewitnesses with Evidence of Witness Tampering and Prior Dishonest Conduct

Petitioner next contends that trial counsel provided ineffective assistance by failing to impeach three eyewitnesses with evidence of witness tampering and prior dishonest conduct. The three witnesses included Jerry Williams (one of the victims), his sister, Meisha Perkins, and Jerome Perkins. Petitioner presented this claim to the Superior Court in his Rule 61 motion, and the Superior Court denied the claim as meritless. The Delaware Supreme Court affirmed that decision. Therefore, the court must review the instant claim under § 2254(d)(1) to determine if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard announced in Strickland and previously explained by the court. See supra at 14-15. In petitioner's case, the Superior Court correctly identified Strickland as the proper standard and analyzed the instant claim within its framework. The Delaware Supreme Court adopted the Superior Court's analysis. Therefore, the Delaware Supreme Court's denial of petitioner's ineffective assistance of counsel claim was not contrary to Strickland. See

17

Williams, 529 U.S. at 406 ("[A] run-of-the-mill state-court
decision applying the correct legal rule from [Supreme Court]
cases to the facts of a prisoner's case [does] not fit
comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court must also determine whether the state courts'
analysis of the claim constituted an unreasonable application of
Strickland. Petitioner criticizes trial counsel's failure to
question three state witnesses about their criminal histories on
cross-examination because he believes that the jury should have
known that the witnesses were "not the most savory characters."
(D.I. 13, Appellant's Reply Br. in Middlebrook v. State,
No.30,2005, at 7) The Superior Court denied petitioner's
contention after determining that defense counsel's cross-
examination of the witnesses did not fall below an objective
standard of reasonableness. The state court explained that,
rather than question the witnesses about their criminal
histories, trial counsel strategically decided to emphasize the
chaos and frenzy surrounding the shooting scene in order to
demonstrate the possibility that the witnesses mistakenly
identified petitioner as the shooter. The Superior Court also
noted that petitioner failed to demonstrate the requisite
prejudice under Strickland because it was unlikely that the
impeachment proposed by petitioner would have changed the jury's
view of the testimony.

Based on the record, the court concludes that the state
courts did not unreasonably apply Strickland in denying
petitioner's claim.  As the Superior Court explained,

> [v]iewed out of context, trial counsel's failure to cross-
> examine the witnesses on their criminal histories appears
> noteworthy.  As the trial unfolded, the criminal histories
> have less significance.  Trial counsel's tack was to
> establish that Jerome Perkins did not know who shot him.
> That was  a potentially more effective line of impeachment
> than an attack on his character would have been.
> Undeniably, Perkins was shot.  As a matter of common sense,
> it is more likely that he would have been mistaken about who
> shot him than he would have attempted to frame someone and
> let the shooter go free.  While the latter was a theoretical
> possibility, the former tack was more likely to be
> convincing.

Middlebrook, 2004 WL 2914281, at *4.  Additionally, petitioner's
habeas application fails to provide concrete allegations of
prejudice resulting from counsel's method of cross-examination.
Therefore, the court concludes that petitioner's claim regarding
trial counsel's alleged ineffective assistance does not warrant
federal habeas relief.

## VI.  CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a
certificate of appealabilty.  See Third Circuit Local Appellate
Rule 22.2.  The court may issue a certificate of appealability
only when a petitioner makes a "substantial showing of the denial
of a constitutional right."  28 U.S.C. § 2253(c)(2).  This
showing is satisfied when the petitioner demonstrates "that
reasonable jurists would find the district court's assessment of

19

the denial of a constitutional claims debatable or wrong." <u>Slack</u>
<u>v. McDaniel</u>, 529 U.S. 473, 484 (2000).

For the reasons stated above, the court concludes that
petitioner's habeas application must be denied.  Reasonable
jurists would not find this conclusion debatable.  Consequently,
petitioner has failed to make a substantial showing of the denial
of a constitutional right, and a certificate of appealability
will not be issued.

## VII.  CONCLUSION

For foregoing reasons, the court will deny petitioner's
amended application for habeas relief filed pursuant to 28 U.S.C.
§ 2254.

An appropriate order will be entered.

20